FIFTH DIVISION
February 4, 2011

No. 1-09-3200

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 06 CR 21866 |
| | ) | |
| HOLLIS DORROUGH, | ) | Honorable |
| | ) | Angela M. Petrone, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUDGE EPSTEIN delivered the judgment of the court, with opinion.

Justices Joseph Gordon and Howse concurred in the judgment and opinion.

**OPINION**

In August 2009 defendant Hollis Dorrough, a former police detective, was convicted of perjury, unlawful sale of a firearm, and two counts of official misconduct, following a jury trial. He appeals his official misconduct convictions only, claiming his violations of police department regulations cannot sustain a conviction under subsection (a) of the official misconduct statute, section 33-3 of the Criminal Code of 1961 (720 ILCS 5/33-3(a) (West 2008)). **We reverse his official misconduct convictions.**

BACKGROUND

On August 10, 2006, defendant was arrested after admitting to violating police procedure by removing evidence, a handgun, from a case he was assigned to investigate. Defendant gave the handgun to the father of the suspect in the case and then lied when questioned about the missing weapon, claiming he left it on his desk prior to a meeting and discovered it missing when he returned. Defendant was indicted for, inter alia, two counts of official misconduct. His indictment charged, in relevant part:

1-09-3200

"WHILE A PUBLIC EMPLOYEE, TO WIT: A DETECTIVE WITH THE HARVEY POLICE DEPARTMENT WHILE IN HIS OFFICIAL CAPACITY, HE INTENTIONALLY OR RECKLESSLY FAILED TO PERFORM A MANDATORY DUTY AS REQUIRED BY LAW, TO WIT: HE REMOVED CONCEALED AND WITHHELD PROPERTY AND OR EVIDENCE IN CONNECTION WITH THE INVESTIGATION AND PROSECUTION OF CASE NUMBER O6CR-4436, THAT BEING A .45 CALIBER REMINGTON SEMI-AUTOMATIC PISTOL, OTHER THAN AS REQUIRED BY THE REGULATIONS OF THE HARVEY POLICE DEPARTMENT IN FULL FORCE AND EFFECT AT ALL TIMES HEREIN SET FORTH, SPECIFICALLY REGULATION 2.41.38, IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 33-3 (a) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED ***."

Further, defendant:

"WHILE A PUBLIC EMPLOYEE, TO WIT: A DETECTIVE WITH THE HARVEY POLICE DEPARTMENT WHILE IN HIS OFFICIAL CAPACITY, HE INTENTIONALLY OR RECKLESSLY FAILED TO PERFORM A MANDATORY DUTY AS REQUIRED BY LAW, TO WIT: HE FAILED TO SAFEGUARD, CARE AND PRESERVE THE PROPERTY, TO WIT: A .45 CALIBER REMINGTON SEMI-AUTOMATIC PISTOL, IN CASE NUMBER 06CR-4436, OTHER THAN AS REQUIRED BY THE REGULATIONS OF THE HARVEY POLICE DEPARTMENT IN FULL FORCE AND EFFECT AT ALL TIMES HEREIN SET FORTH, SPECIFICALLY REGULATION 2.41.38, IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 33-3 (a) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED ***."

Defendant moved to dismiss these counts arguing that violations of police department regulations do not

2

trigger section 33-3(a), which criminalizes a public employee's failure to "perform any **mandatory duty as required by** *law*," an undefined term. (Emphasis added.) 720 ILCS 5/33-3(a) (West 2008). The trial court denied the motion, and a jury subsequently convicted defendant of both counts of official misconduct. Defendant's motion for a new trial was denied, and the trial court sentenced him to a three-year concurrent prison term on each count. Defendant appeals, claiming his official misconduct convictions must be overturned for want of evidence.

## ANALYSIS

"In reviewing the sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *People v. Jordan*, 218 Ill. 2d 255, 269 (2006). "That standard applies in all criminal cases, regardless of the nature of the evidence." *Id.* at 270.

A public employee violates the official misconduct statute "when, in his official capacity ***, he *** [i]ntentionally or recklessly fails to perform any mandatory duty as required by law." 720 ILCS 5/33-3(a) (West 2008). A conviction under the statute is a Class 3 felony, and the employee forfeits his public employment. 720 ILCS 5/33-3(d) (West 2008). Defendant maintains he is not guilty of official misconduct because the regulations he violated are not "laws" within the meaning of the statute. This is an issue of statutory interpretation, a question of law subject to *de novo* review. *People v. Howard*, 228 Ill. 2d 428, 432 (2008).

"The primary goal of construing the meaning of a statute is to ascertain and give effect to the intent of the legislature. The most reliable indicator of such intent is the

3

statutory language, which must be given its plain and ordinary meaning. A statute is viewed as a whole. Therefore, words and phrases must be interpreted in light of other relevant provisions of the statute and must not be construed in isolation. [Citations.] Accordingly, in determining legislative intent, a court may properly consider not only the language of the statute, but also the purpose and necessity for the law, the evils sought to be remedied and the goals to be achieved, and the consequences that would result from construing the statute one way or the other." *Hubble v. Bi-State Development Agency of the Illinois-Missouri Metropolitan District*, 238 Ill. 2d 262, 268 (2010).

"When undertaking the interpretation of a statute, we must presume that when the legislature enacted the law, it did not intend to produce absurd, inconvenient or unjust results. [Citation.] Accordingly, where a plain or literal application of a statute would produce such results, the literal reading must yield." *In re Estate of Wilson*, 238 Ill. 2d 519, 560 (2010). "We strictly construe criminal statutes in favor of the accused." *People v. Grever*, 222 Ill. 2d 321, 338 (2006).

Our supreme court has repeatedly "asserted that the term 'law' in the official misconduct statute includes a civil or penal statute, a supreme court rule, administrative rules or regulations, or a tenet of a professional code." *People v. Williams*, 239 Ill. 2d 119, 127 (2010). The State maintains the regulations here meet that definition. Defendant disagrees, based on *People v. Williams*, 393 Ill. App. 3d 77 (2009), which was recently affirmed by our supreme court.

*Williams* involved a charge of official misconduct against a police dispatcher who allegedly provided confidential police information to an illegal drug dealer. The issue there was whether

1-09-3200

Glenwood police department's rules on the disclosure of confidential information qualify as "laws" within the meaning of the official misconduct statute. *Williams*, 239 Ill. 2d at 132. The supreme court held that they do not, stating:

> "[T]here is no evidence in this case that any formal legislative process was used in adopting the confidentiality rules. The evidence does not even establish that the rules were sanctioned or approved by the Village of Glenwood. The rules were, therefore, prescribed without any formal enactment or informal approval by a governing body. We share the *Gray* court's concern about construing the term 'law' in the official misconduct statute so broadly that it includes rules promulgated solely by a person in authority of a governmental department or the administrative staff. [*People v. Gray*, 221 Ill. App. 3d 677 (1991).]
>
> The confidentiality rules here were apparently promulgated under the ordinance allowing the police chief to prescribe rules and regulations covering, among other things, conduct of the members, uniforms and equipment, hours of service, and vacations. The State's argument would allow a felony official misconduct prosecution to be based on a violation of rules prescribed solely by the police chief on those matters. We further note that the confidentiality rules introduced by the State provide, in part, that '[a]llegations, gossip, hearsay, rumor and anonymous uncorroborated information shall be treated as confidential.' Although the State did not contend defendant violated that particular part of the rule, accepting the confidentiality rules as 'law' would allow a felony prosecution to be based on the police chief's rules

5

prohibiting disclosure of gossip, hearsay, or rumor. We do not believe the legislature intended the term 'law' to be given such a broad construction.

In sum, we conclude that the confidentiality rules here do not rise to the level of a 'law' within the meaning of the official misconduct statute. The State's evidence that defendant violated those rules is not sufficient to show that defendant performed an act 'forbidden by law' as required to sustain a conviction of official misconduct."

*Williams*, 239 Ill. 2d at 132-33.

Similarly in this case, the regulations at issue are not "laws" within the meaning of the statute because there is no evidence that they were enacted, sanctioned, or approved by a governing body.

The State, which does not address how the regulations were prescribed, argues that *Williams* is inapposite because it involved subsection (b) of the official misconduct statute, which prohibits public employees from knowingly performing acts known to be "forbidden by law to perform," and defendant was charged and tried under subsection (a). This argument fails. It is a "general rule of statutory construction that when the same words appear in different parts of the same statute, they should be given the same meaning absent some contextual indication that the legislature intended otherwise." *Grever*, 222 Ill. 2d at 331. As no such indication appears here, "law" necessarily carries the same meaning under both subsections (a) and (b) of the statute.

The State also argues, based primarily on appellate court decisions, that "[d]efendant's position is contrary to a whole line of cases in Illinois [that have] found violations of rules and regulations of law enforcement agencies by law enforcement officers to be official misconduct." *Williams* does not, however, run afoul of the supreme court cases cited by the State (*Fellhauer v.*

*City of Geneva*, 142 Ill. 2d 495 (1991); *Grever*, 222 Ill. 2d 321; *Howard*, 228 Ill. 2d 428), and to the extent there are any inconsistencies between this court's prior decisions and *Williams*, an issue we do not reach, we are bound by our supreme court's decision in *Williams*. *People v. Artis*, 232 Ill. 2d 156, 164 (2009) ("The appellate court lacks authority to overrule decisions of [the supreme] court, which are binding on all lower courts."). Since there is no evidence on the record *sub judice* that the Harvey police department's regulations were enacted, sanctioned, or approved by a governing body, defendant's violations of those regulations alone cannot sustain a conviction under the official misconduct statute. Like our supreme court:

> "[W]e emphasize that our holding should not be interpreted as an approval of
>
> defendant's conduct. The conduct here is certainly troublesome and unjustifiable. We
>
> hold that defendant did not commit the offense of official misconduct only because
>
> the [regulations] at issue here cannot be construed as 'laws' under the statute."
>
> *Williams*, 239 Ill. 2d at 133.

We reverse defendant's convictions for official misconduct and enter a judgment of acquittal on each count. See *People v. Olivera*, 164 Ill. 2d 382, 393 (1995) ("The double jeopardy clause forbids a second, or successive, trial for the purpose of affording the prosecution another opportunity to supply evidence it failed to muster in the first proceeding.").

## CONCLUSION

Defendant's convictions for official misconduct are reversed, and a judgment of acquittal is entered on those counts. The Harvey police department's regulations are not, on the record *sub judice,* "laws" within the meaning of the official misconduct statute.

7

1-09-3200

Reversed.