Docket No. 104553.

IN THE

SUPREME COURT

OF

THE STATE OF ILLINOIS

———

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
LYNDELL W. HOWARD, Appellant.

*Opinion filed April 17, 2008.*

JUSTICE GARMAN delivered the judgment of the court, with
opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Kilbride,
Karmeier, and Burke concurred in the judgment and opinion.

**OPINION**

In 2005, defendant, Lyndell W. Howard, was indicted for nine
counts of official misconduct related to his use of a City of Pekin
credit card. Six of the counts alleged that defendant violated section
33E–16 of the Criminal Code of 1961 (720 ILCS 5/33E–16 (West
2004)), while three counts alleged that defendant acted contrary to
article VIII, section 1(a), of the Illinois Constitution of 1970 (Ill.
Const. 1970, art. VIII, §1(a)). Based upon the above, the indictment
alleged that defendant violated section 33–3(c) of the Criminal Code
(720 ILCS 5/33–3(c) (West 2004)), the official misconduct statute.

Defendant moved to dismiss all of the counts against him. The
circuit court of Tazewell County dismissed the six counts predicated
on section 33E–16 of the Criminal Code. Defendant's motion to

dismiss was not granted, however, with regard to the three counts of official misconduct predicated on article VIII, section 1(a), of the Illinois Constitution, which provides that "[p]ublic funds, property or credit shall be used only for public purposes." A jury found defendant guilty of all three counts. Defendant was sentenced to 30 months' probation, required to perform community service, and ordered to pay costs. On appeal, defendant alleged that the indictment against him was defective and the State did not prove him guilty beyond a reasonable doubt. The appellate court affirmed. No. 3–05–0905 (unpublished order under Supreme Court Rule 23).

Defendant filed and was granted leave to appeal to this court pursuant to Rule 315 (210 Ill. 2d R. 315). Defendant no longer contests the sufficiency of the evidence, choosing to rely only on his argument that the indictment against him was defective. According to defendant, the trial court should have dismissed all of the counts against him, including the three at issue in this case.

Background

Defendant was elected mayor of the City of Pekin in 2003. Several years earlier, the city council of Pekin obtained a credit card (the City's card) from the Herget National Bank. Pursuant to council resolution, the heads of city departments were allowed to use the City's card to confirm hotel reservations, pay in advance for training sessions, order educational materials, and pay expenses while engaged in city business. After his election as mayor, defendant received and completed a "Business Card Application" from Herget National Bank and became an authorized user of the City's card.

On three separate occasions in 2004, defendant used the City's card to obtain over $1,400 in cash advances to play video poker at the Par-A-Dice Casino in Peoria, Illinois. Defendant used the City's card only after he exhausted the funds available to him through his personal debit and credit cards. In its brief the State asserts, and defendant does not dispute, that defendant obtained two benefits from this use of the City's card: (1) additional funds with which to continue gambling; and (2) "player points," which could be used either to pay for meals or to receive cash back. At oral argument and in the trial court, the State asserted that defendant obtained a third benefit from his use of the

City's card, that being what the State termed "the float." According to the State, "the float" was essentially an interest-free loan, whereby defendant used the City's credit to access money and continue gambling without paying the expense of that gambling until the City card's monthly bill came due.

While the City of Pekin was the sole obligor with respect to the City's card, defendant would pay the bills from his own assets when they came due. Defendant conceded, however, that at least one of his checks for payment bounced. Defendant asserts, though, that he quickly remedied the problem and made the payment in full. If defendant had not paid the credit card bills, the City of Pekin would have been liable for them.

Defendant was indicted for three counts of official misconduct based upon the conduct discussed above, one count for each occasion he used the City's card to obtain a cash advance. The indictment alleged the following:

> "That the said defendant, a public official, the Mayor of the City of Pekin, while acting in his official capacity and with the intent to obtain a personal advantage for himself, knowingly performed an act in excess of his lawful authority in that he used credit of the City of Pekin to receive cash to gamble at the Paradice Casino contrary to Article 8, Section 1 of the Constitution of the State of Illinois which provides that public funds, property or credit shall be used only for public purposes."

While the three counts of the indictment were predicated on the Illinois Constitution, each count alleged violation of section 33–3(c) (720 ILCS 5/33–3(c) (West 2004)), and defendant was ultimately convicted of violating that statute.

Defendant asserts that the above-described indictment was insufficient because the law it identified–article VIII, section 1(a), of the Illinois Constitution–cannot serve as a predicate unlawful act for the offense of official misconduct. As noted, this is the only issue defendant argues before this court. The appellate court, in considering this issue, found that the indictment against defendant properly charged the offense of official misconduct and a violation of the

Illinois Constitution can serve as a predicate unlawful act for that offense. We affirm.

Analysis

Section 33–3(c) of the Criminal Code provides that a public officer commits misconduct when that public officer, acting in his official capacity and with the intent to obtain a personal advantage, performs an act in excess of his lawful authority. 720 ILCS 5/33–3(c) (West 2004). Defendant's argument that the Illinois Constitution cannot serve as a predicate unlawful act for the offense of official misconduct addresses the lawful-authority portion of the above statute. In other words, defendant asserts that the Illinois Constitution is not a law for the purposes of official misconduct and thus his act contrary to article VIII, section 1(a), of the Illinois Constitution does not constitute "an act in excess of his lawful authority" under section 33–3(c). This argument presents an issue of statutory construction, which is a question of law, and thus the standard of review is *de novo*. *People v. Grever*, 222 Ill. 2d 321, 335 (2006); *People v. Roberson*, 212 Ill. 2d 430, 437 (2004).

Defendant relies heavily on this court's recent opinion in *People v. Grever*. As in this case, *Grever* concerned whether particular counts of an indictment sufficiently stated a charge of official misconduct. While the counts at issue in this case were predicated on violations of the Illinois Constitution, the counts at issue in *Grever* alleged that the defendant "acted outside his lawful authority by breaching an 'uncodified' fiduciary duty to the public, 'predicated on basic moral principles.' " *Grever*, 222 Ill. 2d at 337.

Considering the indictment in *Grever*, we noted "that the official misconduct statute requires that the charging instrument 'specify the "law" allegedly violated by the officer or employer in the course of committing the offense.' " *Grever*, 222 Ill. 2d at 335, quoting *Fellhauer v. City of Geneva*, 142 Ill. 2d 495, 506 (1991). Further, we held that an "indictment must, at a minimum, allege facts that would show defendant violated an identifiable statute, rule, regulation, or tenet of a professional code and demonstrate how defendant exceeded his lawful authority." *Grever*, 222 Ill. 2d at 337. Considering the above, we declined to impose criminal liability based upon the

-4-

"amorphous concept of a 'breach of a fiduciary duty' " and found that the State failed to adequately charge the "exceeding lawful authority" element of official misconduct under section 33–3(c). *Grever*, 222 Ill. 2d at 338-39.

In relying upon *Grever*, defendant focuses directly on the portion of the opinion where we stated that an indictment must, "at a minimum, allege facts that would show defendant violated an identifiable statute, rule, regulation, or tenet of a professional code and demonstrate how defendant exceeded his lawful authority." *Grever*, 222 Ill. 2d at 337. Defendant notes that when *Grever* was before the appellate court, the above principle was stated in a slightly different manner, and the appellate court noted that none of the evidence in the case "prove[d] that defendant acted in contravention of an identifiable law, that is, a rule of action or conduct prescribed by a controlling authority, having binding legal force in the form of a constitution, statute, ordinance, supreme court rule, administrative rule or regulation, or tenet of professional responsibility, when he did the acts that were allegedly in excess of his lawful authority." *People v. Grever*, 353 Ill. App. 3d 736, 766-67 (2004).

Both this court and the appellate court considered and discussed the "law" that a defendant could violate to run afoul of the official misconduct statute, then, but while the appellate court mentioned the constitution, this court did not. According to defendant, this signals this court's disapproval of the appellate court's reference to the constitution in *Grever* and supports defendant's position that a person cannot be held criminally liable for violating a provision of the Illinois Constitution.

Further supporting his position, defendant notes that the Criminal Code provides that "[n]o conduct constitutes an offense unless it is described as an offense in this Code or in another statute of this State." 720 ILCS 5/1–3 (West 2004). Defendant contends in his brief that "the Illinois Constitution is not a criminal code in and of itself nor is it a part of the Illinois Criminal Code, but, rather, it represents a framework for and a limitation on state governmental powers, and, accordingly, the state's reliance on it to bootstrap a criminal violation is misplaced and the three constitutional indictments must fail." To find otherwise, defendant asserts, "would allow for the prosecution of every public official who ever does something in his official capacity

that, while not necessarily illegal, is contrary to the United States or Illinois constitutions."

Responding to defendant's arguments, the State asserts that a constitutional violation can serve as a predicate unlawful act for the offense of official misconduct. Considering *Grever*, the State considers it extremely unlikely that this court would have held that a violation of the Illinois Constitution could not serve as a predicate unlawful act without some discussion of the basis for such a ruling. This is particularly so, the State contends, where appellate authority other than that found in the appellate court's decision in *Grever* held just the opposite when considering the official misconduct statute. In *People v. Cornille*, 136 Ill. App. 3d 1011, 1016 (1985), the appellate court held that "the phrase 'as required by law' used in section 33–3(a) *** includes constitutional as well as statutory duties."

Further supporting its position, the State notes that the Illinois Constitution is the "supreme law" of this state. See *Chicago Bar Ass'n v. Illinois State Board of Elections*, 161 Ill. 2d 502, 508 (1994); *Burritt v. Commissioners of State Contracts*, 120 Ill. 322, 328 (1887). Article VIII, section 1(a), provides that "[p]ublic funds, property or credit shall be used only for public purposes." Ill. Const. 1970, art. VIII, §1(a). According to the State, defendant's violation of a clearly established provision of the Illinois Constitution is far different from the situation presented in *Grever* involving an uncodified fiduciary duty based upon moral principles.

Responding to defendant's claim that section 1–3 of the Criminal Code (720 ILCS 5/1–3 (West 2004)) precludes the use of a constitutional violation as a predicate unlawful act, the State considers it frivolous. Section 1–3 provides that "[n]o conduct constitutes an offense unless it is described as an offense in this Code or in another statute of this State." Defendant was convicted of violating section 33–3(c), though, and thus the conduct that constituted the offense of which defendant was convicted–performing an act in excess of lawful authority for the purposes of obtaining a personal advantage–is described as an offense in the Code.

In the State's view, defendant is suggesting that section 1–3 should be construed to require that not only the offense, but also any act set forth in the indictment, be prohibited by statute. The State asserts that this does not comport with the plain language of the

statute, however. Moreover, the State points out that in *Grever* this court approvingly cited appellate opinions holding that a charge of official misconduct could be based on the violation of a civil or criminal statute, supreme court rule, or administrative rule. *Grever*, 222 Ill. 2d at 338, citing *People v. Samel*, 115 Ill. App. 3d 905, 912 (1983). Accordingly, the State finds defendant's suggestion that section 1–3 should be construed to require that even predicate unlawful acts must violate a specific statute unsupported by the plain language of the section itself as well as this court's precedent.

Finally, the State argues that defendant's assertion that this court should preclude the use of a constitutional violation as a predicate unlawful act to protect defendants from overzealous prosecutors could be leveled at almost any prosecution of the types of violations that this court has already specifically recognized as cognizable predicate unlawful acts, including statutes, rules and regulations, and codes of professional conduct. See *Grever*, 222 Ill. 2d at 337. The State asserts that defendant is suggesting that this court should impose a threshold requirement for the offense of official misconduct in order to protect potential defendants from prosecution for *de minimis* violations of the official misconduct statute. The State contends that there is no statutory basis for such an exception, however, noting that this court has held in the past that courts should not ignore a statute's plain meaning by reading into it exceptions, limitations, or conditions not expressed in the statute itself. *People v. Perry*, 224 Ill. 2d 312, 323-24 (2007); *Lulay v. Lulay*, 193 Ill. 2d 455, 466 (2000).

In light of the above arguments, we agree with the State that the constitution can serve as a predicate unlawful act for the offense of official misconduct. While it is true that when we considered the sufficiency of an indictment charging official misconduct in *Grever* and considered the "law" that a defendant could violate to run afoul of that statute we did not specifically reference the constitution, that does not mean we meant to exclude the constitution. The constitution was not at issue in *Grever* and thus we had no reason to decide whether a violation of the constitution could serve as a predicate unlawful act for the purposes of official misconduct. Squarely considering the issue in this case, we hold that it can.

As indicated, this court has stated that the Illinois Constitution is the "supreme law" of this state. See *Chicago Bar Ass'n v. Illinois*

*State Board of Elections*, 161 Ill. 2d 502, 508 (1994); *Burritt v. Commissioners of State Contracts*, 120 Ill. 322, 328 (1887). In recognizing that "[t]he constitution is the supreme law" in the past, we have also stated that "every citizen is bound to obey it and every court is bound to enforce its provisions." *People ex rel. Miller v. Hotz*, 327 Ill. 433, 437 (1927). The appellate court has recognized this in the context of the official misconduct statute and held the same, not only in this case, but also in *Grever* and *Cornille*. Had this court decided to stray from this principle in *Grever*, we would have done so explicitly and confronted the above precedent directly.

Section 1–3 does not alter our analysis. Section 1–3 provides that "[n]o conduct constitutes an offense unless it is described as an offense in this Code or in another statute of this State." 720 ILCS 5/1–3 (West 2004). Defendant was convicted of violating section 33–3(c) of the Criminal Code, and thus his conduct is described as an offense in the Code. Our finding in *Grever* that an indictment charging official misconduct must "allege facts that would show defendant violated an identifiable statute, rule, regulation, or tenet of a professional code" only supports this finding, indicating as it does that a conviction for official misconduct can be predicated on acts not specifically described in the Code. *Grever*, 222 Ill. 2d at 337.

Likewise, our ultimate finding in this case is not altered by defendant's suggestion that allowing a constitutional violation to suffice as a predicate unlawful act for purposes of the official misconduct statute will result in the overzealous prosecution of undeserving defendants. Such a charge could be leveled against almost any prosecution for the violations that this court recognized in *Grever* as cognizable predicate unlawful acts under the official misconduct statute. Moreover, the plain language of the official misconduct statute provides no basis for the imposition of a *de minimis* exception. *Perry*, 224 Ill. 2d at 323 ("[w]here the language of the statute is clear and unambiguous, we must apply it as written, without resort to extrinsic aids to statutory construction"); *People v. Martinez*, 184 Ill. 2d 547, 550 (1998) ("[a] court should not depart from the language of the statute by reading into it exceptions, limitations or conditions that conflict with the intent of the legislature").

While the specter of overzealous prosecution does not alter the outcome in this case, we are not unsympathetic to defendant's

argument. Moreover, we think it important to note that even the State would acknowledge that winning a conviction under the official misconduct statute is not a simple matter, particularly if a prosecutor should attempt to utilize the statute without considering that its reach is not limitless. At oral argument, the State pointed out that one of the elements of official misconduct is that a defendant must have acted with the intent to obtain a personal advantage. Accordingly, if a defendant has otherwise violated the official misconduct statute, but only unintentionally obtained a personal advantage, a conviction will not stand.

Defendant's overzealous-prosecutor argument essentially constitutes an assertion that the official misconduct statute would be improved by the addition of a *de minimis* exception. This is a policy argument and it could be asserted against a great many criminal statutes. As we have stated in the past, " 'few, if any, laws are ever enacted which are not subject to some criticism or capable of some improvement. The question as to whether or not a better law might have been enacted is for the legislature and not for the courts, and criticisms against the wisdom, policy or practicability of a law are subjects for legislative consideration and not for the courts.' " *People ex rel. Armstrong v. Huggins*, 407 Ill. 157, 174 (1950), quoting *Perkins v. Board of County Commissioners*, 271 Ill. 449, 471 (1916).

As we noted above, then, it is not that we are unsympathetic to defendant's argument regarding overzealous prosecution; rather, we believe that it is the legislature that must decide whether the official misconduct statute would benefit from a *de minimis* exception. Finding no support for such an exception in the plain language of the statute, we will not carve it out on our own initiative. We do believe, however, that the proper scope of the official misconduct statute is an issue ripe for legislative review, and we strongly suggest that the parameters of the statute be addressed in that forum.


## Conclusion

We hold that a violation of the constitution can serve as a predicate unlawful act for the purposes of the official misconduct statute. Accordingly, the indictment against defendant in this case, alleging a violation of article VIII, section 1(a), of the Illinois

constitution, was sufficient. As such, we affirm the judgment of the appellate court.

*Affirmed.*