Docket No. 108109.

**IN THE**

**SUPREME COURT**

**OF**

**THE STATE OF ILLINOIS**

––––––––––––––

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ISAAC ALCOZER, Appellant.

*Opinion filed March 24, 2011.*

CHIEF JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Justices Freeman, Thomas, Garman, Karmeier, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

At issue in this appeal is the constitutionality of section 22–105 of the Code of Civil Procedure (Code) (735 ILCS 5/22–105 (West 2006)), providing for imposition of fees and costs upon summary dismissal of a postconviction petition summarily dismissed as frivolous or patently without merit pursuant to section 122–2.1 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122–2.1 (West 2006)). Petitioner, Isaac Alcozer, contends that section 22–105 violates his rights to due process and equal protection.

Upon summarily dismissing Alcozer's *pro se* petition for postconviction relief, the circuit court of Cook County imposed fees and costs. Alcozer appealed only the order imposing fees and costs. The appellate court affirmed, but modified the costs and fees. No.

1–07–2092 (unpublished order under Supreme Court Rule 23). We allowed Alcozer's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010). We affirm the judgment of the appellate court.

## I. BACKGROUND

Alcozer was convicted of first degree murder following a bench trial and sentenced to 25 years of imprisonment on the murder charge, with an additional 25 years for personally discharging the firearm that caused the victim's death. The appellate court affirmed Alcozer's conviction and sentence on direct appeal. *People v. Alcozer*, No. 1–04–0806 (2005) (unpublished order under Supreme Court Rule 23).

On April 19, 2007, Alcozer filed a *pro se* postconviction petition. In his *pro se* postconviction petition, Alcozer presented two arguments: (1) that he was illegally arrested and his pretrial motion to quash arrest should have been granted; and (2) that he received ineffective assistance of trial counsel because counsel failed to continue challenging the legality of his arrest.

On June 21, 2007, the trial court summarily dismissed Alcozer's *pro se* postconviction petition, finding that Alcozer failed to raise the claims on direct appeal and that *res judicata* prevented consideration of Alcozer's postconviction claims. The trial court's order concluded that "the issues raised and presented by [Alcozer] are frivolous and patently without merit." In addition to dismissing Alcozer's petition, the trial court ordered that Alcozer pay a total of $359 in costs and fees, pursuant to section 22–105 of the Code (735 ILCS 5/22–105 (West 2006)). The order imposing fees and costs found:

> "[Alcozer's petition for postconviction relief] was entirely frivolous in that: 1. it lacks an arguable basis in law or in fact; and 2. the claims, defenses, and other legal contentions therein are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."

On appeal, Alcozer challenged the assessment of costs and fees, as well as their constitutionality. The appellate court affirmed the trial court's imposition of costs and fees, but adjusted the total due to $105. No. 1–07–2092 (unpublished order under Supreme Court Rule 23.)

## II. ANALYSIS

In this appeal, Alcozer argues that section 22–105 of the Code violates the due process and equal protection clauses of the United States and Illinois constitutions. He contends that section 22–105 is unconstitutional as applied to him and other prisoners who file initial petitions for postconviction relief because it is a pecuniary punishment that "acts as a financial interposition between an indigent petitioner and his right to the courts." In the alternative, Alcozer submits that this court need not consider his constitutional argument if section 22–105 is construed as not requiring the imposition of a monetary penalty every time an indigent prisoner's *pro se* postconviction petition is summarily dismissed.

The State argues that section 22–105 is constitutional because it is rationally designed to serve a legitimate government purpose, "to discourage prisoners from filing frivolous pleadings and recoup some of the systemic costs generated by the filing of such pleadings." The State contends that Alcozer forfeited his alternative argument by not specifically raising the issue in his petition for leave to appeal or before the appellate court. See *People v. McCarty*, 223 Ill. 2d 109, 122 (2006) (the failure to raise an issue in a petition for leave to appeal results in the forfeiture of that issue); *People v. Robinson*, 223 Ill. 2d 165, 174-75 (2006) (dismissing appeal where the only claim the defendant argued in his brief was not raised in his petition for leave to appeal or before the appellate court).

Alcozer responds to the State's forfeiture argument that his petition for leave to appeal properly raised the issue by arguing that:

> "[I]n *People v. Brown*, No. 106243 (petition for leave to appeal allowed, March 29, 2008), this Court will decide whether 'frivolous' means the same in section 22–105(b)(1) of the Code of Civil Procedure and section 122–2.1 of the Post-Conviction Hearing Act."

Alcozer states that his petition for leave to appeal asked this court to hold his case in abeyance for resolution of *Brown*, as it may be dispositive of the issues raised in Alcozer's case. Ultimately, this court declined to consider the construction of section 22–105 in *Brown* because the fees and costs were vacated and, thus, construction of section 22–105 was no longer an issue. See *People v. Brown*, 236 Ill.

2d 175, 182 (2010).

We reject the State's argument that Alcozer has forfeited this argument by failing to raise it in his petition for leave to appeal. There is no question that a determination of whether "frivolous" means the same in section 22–105(b)(1) of the Code and section 122–2.1 of the Post-Conviction Hearing Act was raised in Alcozer's petition for leave to appeal. Additionally, even "[w]hen an issue is not specifically mentioned in a party's petition for leave to appeal, but it is 'inextricably intertwined' with other matters properly before the court, review is appropriate." *People v. Becker*, 239 Ill. 2d 215, 239 (2010) (quoting *People v. McKown*, 236 Ill. 2d 278, 310 (2010)). Further, it is clear that the constitutional issues raised by Alcozer depend upon construction of section 22–105. It is well settled that courts should avoid constitutional questions when a case may be decided on other grounds. *Beahringer v. Page*, 204 Ill. 2d 363, 370 (2003).

Interpretation of section 22–105 is inextricably intertwined with the constitutional issues presented in this appeal and, accordingly, review is appropriate. *People v. McKown*, 236 Ill. 2d 278, 310 (2010). Moreover, Alcozer's argument requires interpretation of the statute directly related to his constitutional challenge, and we find that this issue has not been forfeited. See *McCarty*, 223 Ill. 2d at 123 (an argument on the interpretation of a statute directly related to a constitutional challenge is not forfeited).

### A. Statutory Interpretation

We now consider Alcozer's argument that section 22–105 does not require a monetary penalty be imposed every time an indigent prisoner's postconviction petition is summarily dismissed. This issue requires us to construe section 22–105 to ascertain the meaning of "frivolous." Issues of statutory construction involve questions of law and are subject to *de novo* review. *People v. Howard*, 228 Ill. 2d 428, 432 (2008). The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent. *People v. Blair*, 215 Ill. 2d 427, 442 (2005). The best indication of the legislature's intent is the language of the statute, given its plain and ordinary meaning. *Blair*, 215 Ill. 2d at 442-43.

Alcozer argues that section 22–105 uses a different standard for

determining whether a petition is "frivolous" than the standard for summary dismissal as "frivolous or *** patently without merit" under section 122–2.1 of the Post-Conviction Hearing Act. According to Alcozer, section 22–105 specifically omits any mention of the "patently without merit" standard of section 122–2.1, and that section 22–105 is only applicable when a prisoner files a "frivolous" pleading. The State counters that a petition for postconviction relief summarily dismissed as "frivolous or *** patently without merit" under the Post-Conviction Hearing Act is also "frivolous" as defined by section 22–105(b) of the Code.

Section 122–2.1 of the Post-Conviction Hearing Act provides for the summary dismissal of postconviction petitions "[i]f the court determines the petition is frivolous or is patently without merit." 725 ILCS 5/122–2.1 (West 2006). In 1997, the legislature passed Public Act 90–505 (Pub. Act 90–505, eff. Aug. 19, 1997). Included in this legislation were provisions on the filing of frivolous lawsuits by prisoners. Public Act 90–505 added section 22–105 to the Code of Civil Procedure. See 735 ILCS 5/22–105 (West 2006). At the time Alcozer filed his petition for postconviction relief, section 22–105 of the Code provided:

> "Frivolous lawsuits filed by prisoners.
>
> (a) If a prisoner confined in an Illinois Department of Corrections facility files a pleading, motion, or other filing which purports to be a legal document in a case seeking post-conviction relief under Article 122 of the Code of Criminal Procedure of 1963, pursuant to Section 116–3 of the Code of Criminal Procedure of 1963, in a habeas corpus action under Article X of this Code, in a claim under the Court of Claims Act, or in another action against the State, the Illinois Department of Corrections, or the Prisoner Review Board, or against any of their officers or employees and the Court makes a specific finding that the pleading, motion, or other filing which purports to be a legal document filed by the prisoner is frivolous, the prisoner is responsible for the full payment of filing fees and actual court costs.
>
> On filing the action or proceeding the court shall assess and, when funds exist, collect as a partial payment of any

court costs required by law, a first time payment of 50% of the average monthly balance of the prisoner's trust fund account for the past 6 months. Thereafter 50% of all deposits into the prisoner's individual account under Sections 3–4–3 and 3–12–5 of the Unified Code of Corrections administered by the Illinois Department of Corrections shall be withheld until the actual court costs are collected in full. The Department of Corrections shall forward any moneys withheld to the court of jurisdiction. If a prisoner is released before the full costs are collected, the Department of Corrections shall forward the amount of costs collected through the date of release. The court of jurisdiction is responsible for sending the Department of Corrections a copy of the order mandating the amount of court fees to be paid. Nothing in this Section prohibits an applicant from filing an action or proceeding if the applicant is unable to pay the court costs.

(b) In this Section, 'frivolous' means that a pleading, motion, or other filing which purports to be a legal document filed by a prisoner in his or her lawsuit meets any or all of the following criteria:

(1) it lacks an arguable basis either in law or in fact;

(2) it is being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(3) the claims, defenses, and other legal contentions therein are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(4) the allegations and other factual contentions do not have evidentiary support or, if specifically so identified are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; or

(5) the denials of factual contentions are not warranted on the evidence, or if specifically so identified, are not reasonably based on a lack of information or belief." 735

ILCS 5/22–105 (West 2006).[1]

Section 22–105(b) specifically provides for the definition of a "frivolous" lawsuit. Section 122–1.2 of the Post-Conviction Hearing Act does not provide a definition of "frivolous or *** patently without merit." However, in *People v. Boclair*, 202 Ill. 2d 89 (2002), this court examined the meaning of "frivolous or *** patently without merit" in section 122–2.1 and looked to dictionary definitions:

> " 'Frivolous' has been defined as 'of little weight or importance: having no basis in law or fact.' Webster's Third New International Dictionary 913 (1993); Black's Law Dictionary 677 (7th ed. 1999); accord *Anders v. California*, 386 U.S. 738, 744, 18 L. Ed. 2d 493, 498, 87 S. Ct. 1396, 1400 (1967) (legal points 'arguable on their merits' are not frivolous). '[P]atently' means 'CLEARLY, OBVIOUSLY, PLAINLY.' Webster's Third New International Dictionary 1654 (1993); Black's Law Dictionary 1147 (7th ed. 1999). '[M]erit' means 'legal significance, standing, or importance.' Webster's Third New International Dictionary 1414 (1993); Black's Law Dictionary 1003 (7th ed. 1999)." *Boclair*, 202 Ill. 2d at 101.

In *Blair*, this court relied on the definition of "frivolous or *** patently without merit" set forth in *Boclair* in concluding that " 'frivolous or *** patently without merit' may be defined as having no basis in law or fact and obviously without legal significance." *Blair*, 215 Ill. 2d at 445.

More recently, in *People v. Hodges*, 234 Ill. 2d 1, 11 (2009), this court noted that "[n]either 'frivolous' nor 'patently without merit' is defined in the [Post-Conviction Hearing] Act." *Hodges* looked to *Boclair*, where this court cited *Anders* in defining "frivolous." *Hodges* recognized that "[u]nder *Anders*, 'legal points arguable on their merits' are 'not frivolous.' " *Hodges*, 234 Ill. 2d at 11. *Hodges* further explained that Illinois law has used this definition in other contexts and

---

[1] Public Act 95–424, §5, effective January 1, 2008, amended subsection (a) by inserting "or a second or subsequent petition for relief from judgment under Section 2–1401 of the Code."

specifically cited to section 22–105(b) "defining frivolous pleading as one which 'lacks an arguable basis either in law or in fact' " and to Supreme Court Rule 137 (Ill. S. Ct. R. 137 (eff. Feb. 1, 1994)) providing for sanctions aimed at deterring frivolous suits or pleadings " 'without any basis in law.' "

Based on our case law defining "frivolous or *** patently without merit" as "having no basis in law or fact and obviously without legal significance," we determine that the definition of "frivolous or *** patently without merit" under section 122–2.1 of the Post-Conviction Hearing Act is included in the statutory definition of a "frivolous" lawsuit in section 22–105(b). Thus, a postconviction petition summarily dismissed as frivolous or patently without merit under section 122–2.1 of the Post-Conviction Hearing Act is subject to imposition of fees and costs under section 22–105(b) of the Code.

Alcozer argues that his postconviction petition was summarily dismissed based on the procedural defects of forfeiture and *res judicata* and that procedural defects cannot be deemed frivolous or patently without merit. We reject this argument. In *Blair*, this court specifically ruled that postconviction petitions dismissed on principles of forfeiture or *res judicata* are, necessarily, both frivolous and patently without merit. *Blair*, 215 Ill. 2d at 445. *Blair* explained:

> "[T]he legislature intended that the phrase 'frivolous or *** patently without merit' encompasses *res judicata* and forfeiture. Determinations of *res judicata* and forfeiture are inherently legal determinations which may bar relief under the Act. Thus, an otherwise meritorious claim has no basis in law if *res judicata* or forfeiture bar the claim. The legal component is therefore consistent with 'frivolous' defined as 'of little weight or importance: having no basis in *law* or fact.' (Emphasis added.) Webster's Third New International Dictionary 913 (1993); Black's Law Dictionary 677 (7th ed. 1999); accord *Anders v. California*, 386 U.S. 738, 744, 18 L. Ed. 2d 493, 498, 87 S. Ct. 1396, 1400 (1967) (*legal* points 'arguable on their merits' are not frivolous). It is also consistent with a clear, obvious, or plain lack of 'merit,' meaning without '*legal* significance, standing, or importance.' (Emphasis added.) Webster's Third New International

Dictionary 1414 (1993). Black's Law Dictionary 1003 (7th ed. 1999). Thus, where *res judicata* and forfeiture preclude a defendant from obtaining relief, such a claim is necessarily 'frivolous' or 'patently without merit.' " (Emphasis in original.) *Blair*, 215 Ill. 2d at 445.

Thus, upon determining that a postconviction petition dismissed as "frivolous or *** patently without merit" meets the definition of a "frivolous" lawsuit under section 22–105 of the Code, we now turn to Alcozer's constitutional arguments.

### B. Whether Section 22–105 Is Constitutional

Alcozer contends that section 22–105 violates his rights to both due process and equal protection under the law by placing a financial consideration between him and his statutory right to file an initial postconviction petition and by targeting him as a "prisoner" to the exclusion of nonincarcerated petitioners. The State counters that section 22–105 is constitutional because the General Assembly rationally designed it to serve a legitimate government purpose: to discourage prisoners from filing frivolous pleadings and recoup some of the costs generated by the filing of frivolous pleadings.

We review the constitutionality of a statute *de novo. People v. Malchow*, 193 Ill. 2d 413, 418 (2000). "Legislative enactments enjoy a strong presumption of constitutionality, and the burden rests upon the challenger to demonstrate the invalidity of a particular statute." *Kunkel v. Walton*, 179 Ill. 2d 519, 529 (1997). A reviewing court has the duty to construe a statute to uphold its validity whenever reasonably possible. *People v. Huddleston*, 212 Ill. 2d 107, 129 (2004). We now consider Alcozer's due process argument.

### 1. Due Process

Alcozer contends that section 22–105 of the Code violates his due process rights because it unfairly subjects him to pecuniary punishment for attempting to exercise a state-granted postconviction remedy, in violation of his due process right of meaningful access to the courts. The State admits that there is a fundamental constitutional right of access to the courts, but that this right does not encompass

the right to litigate without expense and fees.

The parties do not dispute that "[i]t is now established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Alcozer argues that section 22–105 violates due process because it interferes with a prisoner's fundamental right of access to the courts.

We reject Alcozer's basic premise that section 22–105 interferes with his right to meaningful access to the courts. The language of the statute belies this argument. The legislature made clear in section 22–105(a) that "[n]othing in this Section prohibits an applicant from filing an action or proceeding if the applicant is unable to pay the court costs" (735 ILCS 5/22–105(a) (West 2006)). In *People v. Conick*, 232 Ill. 2d 132, 141 (2008), this court recognized that the General Assembly enacted section 22–105 "to curb the large number of frivolous collateral pleadings filed by prisoners which adversely affect the efficient administration of justice, and to compensate the courts for the time and expense incurred in processing and disposing of them."

From a plain reading of section 22–105, we determine that the statute does not impinge upon a prisoner's fundamental right to access to the courts because fees are assessed only after a legal document is found to be frivolous. At most, the statute only affects a prisoner's right to file frivolous legal documents without being responsible for the costs, but does not prohibit prisoners from exercising their right to petition for postconviction relief. We therefore reject Alcozer's argument that section 22–105 violates due process and it burdens a prisoner's fundamental right of access to the courts.

Alcozer also argues that section 22–105 violates due process when applied to first-time *pro se* petitioners for postconviction relief. As this court has recognized, the purpose of section 22–105 is to compensate courts for some of the expense incurred in adjudicating frivolous petitions for postconviction relief, whether initial or successive. *People v. Conick*, 232 Ill. 2d 132, 141 (2008). In *Conick*, this court stated:

> "For the purposes of section 22–105, the status of the petition as either original or successive is not significant. [Citation.] The trial court must still examine every request for

postconviction relief whether it be an initial petition subject to review under the 'gist' standard [citation] or a proffered successive petition subject to the more exacting cause and prejudice standard [citation]." *Conick*, 232 Ill. 2d at 141-42.

Section 22–105 does not impinge upon any prisoner's right to file a postconviction petition, whether the prisoner is a *pro se* first-time petitioner or a successive petitioner. Accordingly, we reject Alcozer's argument that section 22–105 violates due process as applied to first-time *pro se* petitioners for postconviction relief.

We also reject Alcozer's argument that section 22–105 violates due process because it lacks a *mens rea* component and its application is not limited to petitions filed by prisoners who know their claims are frivolous. Alcozer fails to explain how the lack of a *mens rea* component interferes with his right of access to the courts or how this argument is in any way related to his due process argument.

Under the plain language of the statute, section 22–105 does not restrict a prisoner's meaningful access to the courts. Accordingly, we conclude there is no due process violation based on restriction of court access. We now consider whether section 22–105 violates equal protection.

2. Equal Protection

Alcozer argues that section 22–105 violates equal protection on its face because it treats prisoners who file frivolous pleadings differently from nonincarcerated persons who file frivolous pleadings. The State contends that section 22–105 is rationally related to the state's interest in maintaining the efficiency of our legal system and that there is a reasonable basis for distinguishing between prisoners and others seeking similar relief.

Constitutional challenges to statutes under due process and equal protection require the same essential analysis. *People v. Kimbrough*, 163 Ill. 2d 231, 242 (1994) ("Although expressed in slightly different language, the standards used to determine the constitutionality of a statute under the due process and equal protection clauses are identical."). It is the nature of the right affected that dictates the level of scrutiny we employ in determining whether

the statute meets constitutional requirements. *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 307 (2008). If the challenged statute implicates a fundamental right or discriminates based on a suspect classification of race or national origin, the court subjects the statute to "strict scrutiny" analysis and will uphold the statute only if it is narrowly tailored to serve a compelling State interest. *People v. Shephard*, 152 Ill. 2d 489, 500 (1992); *People v. Cornelius*, 213 Ill. 2d 178, 204 (2004); *Napleton*, 229 Ill. 2d at 307. Under an equal protection analysis, suspect classifications are based on race or national origin. *People v. Botruff*, 212 Ill. 2d 166, 176-77 (2004).

If the statute does not affect a fundamental constitutional right or involve a suspect classification, the rational basis test applies, requiring the statute bear a rational relationship to the purpose the legislature intended to achieve by enacting it. *Shephard*, 152 Ill. 2d at 500. Additionally, "[a] third tier of constitutional scrutiny lies between deferential rational basis review and strict scrutiny, and is known as intermediate scrutiny," and has been applied to review classifications based on gender, illegitimacy, and those classifications that cause "certain content-neutral, incidental burdens to speech." *Napleton*, 229 Ill. 2d at 308. "To withstand intermediate scrutiny, the legislative enactment must be substantially related to an important governmental interest." *Napleton*, 229 Ill. 2d at 308.

Prisoners are not a suspect class. Where, as here, the legislation does not discriminate against a suspect class, the rational basis test applies. *Cornelius*, 213 Ill. 2d at 203-04. A statutory classification meets the rational basis requirement if it the legislation is "rationally related to a legitimate State goal." *Shephard*, 152 Ill. 2d at 500. If any set of facts can reasonably be conceived to justify the challenged legislation, the court must uphold its constitutionality. *Botruff*, 212 Ill. 2d at 177. Whether a rational basis exists for a classification is a question of law reviewed *de novo*. *In re A.A.*, 181 Ill. 2d 32, 38 (1998).

Alcozer relies on *Rinaldi v. Yeager*, 384 U.S. 305 (1966), in arguing that section 22–105 fails under a rational basis review. In *Rinaldi*, the Supreme Court struck down a New Jersey law requiring incarcerated individuals to reimburse the costs of their transcripts upon denial of appellate relief. The Supreme Court explained that

"[t]here is no defensible interest served by focusing on th[e] distinction [between incarcerated and nonincarcerated appellants] as a classifying feature in a reimbursement statute, since it bears no relationship whatever to the purpose of the repayment provision." *Rinaldi*, 384 U.S. at 309. The Court observed that the New Jersey law did not similarly burden "a man who has received a suspended sentence or been placed on probation, regardless of how high his subsequent earnings may be," nor did the law require "repayment at all from an unsuccessful appellant who has been sentenced only to pay a fine." *Rinaldi*, 384 U.S. at 308. Further, *Rinaldi* recognized that once a state establishes avenues of appellate review, those "avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." *Rinaldi*, 384 U.S. at 310. In other words, any financial burden tied to the avenues of appellate review must be applied with an "even hand." *Rinaldi*, 384 U.S. at 311.

The Supreme Court has consistently and repeatedly recognized that when states provide for appellate or collateral review of criminal convictions, they may not discriminate on the basis of poverty. See *Griffin v. Illinois*, 351 U.S. 12 (1956) (requiring a free transcript, or other means of affording effective appellate review, for indigent defendants seeking to appeal); *Burns v. Ohio*, 360 U.S. 252 (1959) (clerk must docket indigent petitioner's motion for leave to appeal despite inability to pay filing fee); *Smith v. Bennett*, 365 U.S. 708 (1961) (once a state grants a postconviction right, inability to pay filing fee cannot limit its exercise); *Lane v. Brown*, 372 U.S. 477 (1963) (inability to pay for transcript cannot hinder appeal from denial of petition for writ of error *coram nobis*); *Douglas v. California*, 372 U.S. 353 (1963) (finding unconstitutional line between rich and poor where merits of indigent defendant's first direct appeal are decided without benefit of counsel); *Long v. District Court*, 385 U.S. 192 (1966) (indigent defendant must be allowed free transcript to appeal denial of *habeas* relief); *Gardner v. California*, 393 U.S. 367 (1969) (indigent defendant must be allowed free transcript of *habeas* hearing to facilitate filing new *habeas* petition in higher court).

Alcozer argues that, like the statute struck down in *Rinaldi*, section 22–105 should be struck down because there is no rational reason to burden prisoners exclusively when nonincarcerated individuals might also file for postconviction relief, even when the

purpose is to deter frivolous appeals. We find Alcozer's reliance on *Rinaldi* and the long line of United States Supreme Court cases misplaced because section 22–105 is entirely distinguishable from those statutes found unconstitutional. *Rinaldi* found that the New Jersey statute violated equal protection because its classification of those subject to it was unsupported by reason, in that it financially burdened many prisoners "whose appeals, though unsuccessful, were not frivolous, and leaves untouched many whose appeals may have been frivolous indeed." *Rinaldi*, 384 U.S. at 309-10. In contrast to the statute in *Rinaldi*, section 22–105 was enacted by the General Assembly "to stem the tide of frivolous filings by prisoners who have been convicted and, in most instances, have had their 'cases' subjected to additional forms of appellate review." *Conick*, 232 Ill. 2d at 143.

We determine that section 22–105 withstands the rational basis test because the imposition of fees and costs following a frivolous finding of a prisoner's document is rationally related to the legislature's goal of stemming the tide of frivolous filings by prisoners. See *Botruff*, 212 Ill. 2d at 177.

When the challenged legislation can be upheld on any set of facts, the court must uphold its constitutionality. *Botruff*, 212 Ill. 2d at 177. Here, section 22–105 only applies to prisoners who file frivolous pleadings, a permissible distinction related to the purpose of the classification to achieve permissible ends. *Rinaldi*, 384 U.S. at 309. Accordingly, we hold that section 22–105 does not violate equal protection of the law.


III. CONCLUSION

We hold that a postconviction petition summarily dismissed pursuant to section 122–2.1 of the Post-Conviction Hearing Act (725 ILCS 5/122–2.1 (West 2006)) as frivolous or patently without merit is subject to imposition of fees and costs under section 22–105 of the Code of Civil Procedure (735 ILCS 5/22–105 (West 2006)), as a frivolous lawsuit filed by a prisoner. We further hold that section

-14-

22–105 of the Code of Civil Procedure (735 ILCS 5/22–105 (West 2006)) does not violate either due process or equal protection. We therefore affirm the judgment of the appellate court.


    Appellate court judgment affirmed.