NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210296-U

NO. 4-21-0296

IN THE APPELLATE COURT

FILED
September 29, 2022
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| ROBBIE M. PATTON, | ) | No. 16CF1349 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Roger B. Webber, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Cavanagh and Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court granted OSAD's motion to withdraw as appellate counsel and
affirmed the trial court's judgment.

¶ 2     Defendant, Robbie M. Patton, appeals from the trial court's order summarily

dismissing his petition for postconviction relief. The Office of the State Appellate Defender

(OSAD) was appointed to represent defendant on appeal but now moves to withdraw as counsel

on the basis it can raise no colorable argument the trial court erred in summarily dismissing

defendant's petition. We grant OSAD's motion and affirm the trial court's judgment.

¶ 3                             I. BACKGROUND

¶ 4     In September 2016, the State charged defendant with one count of first degree

murder (720 ILCS 5/9-1(a)(1) (West 2014)) and three counts of aggravated battery with a

firearm (*id.* § 12-3.05(e)(1)). The State alleged defendant shot and killed one victim and injured three others by discharging a firearm. In September 2017, a jury found defendant guilty on all counts. The trial court subsequently sentenced defendant to 60 years' imprisonment for first degree murder and 9 years' imprisonment for each of the aggravated battery convictions, with the sentences to be served concurrently. For a discussion of the evidence presented at the jury trial and sentencing hearing, see *People v. Patton*, 2020 IL App (4th) 170947-U.

¶ 5        Defendant appealed his convictions and sentences. On direct appeal, he raised the following arguments: (1) the State committed a *Brady* violation (see *Brady v. Maryland*, 373 U.S. 83 (1963)) by failing to timely disclose evidence that could have been used to impeach a key State witness; (2) defense counsel was ineffective for failing to call an exculpatory witness at trial and for failing to object when a State's witness violated a pretrial ruling barring evidence of defendant's mandatory supervised release (MSR) status at the time of the underlying offenses; (3) the trial court erred in allowing the State to play an unfairly prejudicial cell phone video at trial; (4) the cumulative effect of defense counsel's ineffectiveness and the trial court's erroneous admission of evidence required reversal; (5) the trial court erred when conducting its *Krankel* inquiry into his *pro se* posttrial claims of ineffective assistance of counsel; and (6) the trial court imposed an excessive sentence. This court addressed, and rejected, each of defendant's arguments. See *id.* ¶¶ 41-90.

¶ 6        On February 1, 2021, defendant filed a petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). Defendant raised the same arguments in his petition that he had raised on direct appeal, and he did not attach any supporting documentation. On April 26, 2021, the trial court entered a written order summarily dismissing defendant's petition because it was frivolous and patently without merit.

The court, in relevant part, found that each of the claims in defendant's petition had been raised on direct appeal and were addressed and rejected by this court. Therefore, the court found the claims were barred by the doctrine of *res judicata*.

¶ 7         This appeal followed. As noted, OSAD was appointed to represent defendant on appeal. On May 26, 2022, OSAD filed a motion to withdraw as appellate counsel. This court granted defendant leave to file a response to OSAD's motion on or before July 1, 2022. Defendant did not file a response.

¶ 8                                    II. ANALYSIS

¶ 9         OSAD contends no colorable argument can be made the trial court erred in summarily dismissing defendant's postconviction petition. First, OSAD asserts it cannot argue the trial court erred in finding defendant's claims frivolous and patently without merit. Second, OSAD maintains it cannot argue the trial court's ruling was procedurally improper.

¶ 10        "The Post-Conviction Hearing Act provides a procedural mechanism through which criminal defendants can assert that their federal or state constitutional rights were substantially violated in their original trials or sentencing hearings." *People v. Buffer*, 2019 IL 122327, ¶ 12. At the first stage of proceedings, "the [trial] court must, within 90 days of the petition's filing, independently review the petition, taking the allegations as true, and determine whether 'the petition is frivolous or is patently without merit.' " *People v. Hodges*, 234 Ill. 2d 1, 10 (2009) (quoting 725 ILCS 5/122-2.1(a)(2) (West 2006)). "A postconviction proceeding is civil in nature [citation] and is a collateral attack on the prior conviction or sentence that does not relitigate a defendant's innocence or guilt [citation]. Therefore, any issues considered by the court on direct appeal are barred by the doctrine of *res judicata* ***." *People v. Ligon*, 239 Ill. 2d 94, 103 (2010); see also *People v. Alcozer*, 241 Ill. 2d 248, 258 (2011) ("[P]ostconviction

petitions dismissed on principles of forfeiture or *res judicata* are, necessarily, both frivolous and patently without merit."). "We review *de novo* the dismissal of a postconviction petition at the first stage." *People v. Lentz*, 2014 IL App (2d) 130332, ¶ 7.

¶ 11 Here, we agree with OSAD that no argument can be made on appeal the trial court erred in finding defendant's petition frivolous and patently without merit. As noted above, each of the claims defendant raised in his petition had previously been raised on direct appeal. This court addressed each of the claims on its merits and ultimately rejected all of them. Therefore, the trial court correctly found defendant's claims barred by the doctrine of *res judicata* and necessarily frivolous and patently without merit as a result. See *Ligon*, 239 Ill. 2d at 103; *Alcozer*, 241 Ill. 2d at 258. As OSAD notes in its motion, the doctrine of *res judicata* will be relaxed, in part, when required by fundamental fairness "or where the facts relating to the claim do not appear on the face of the original appellate record." *People v. Williams*, 209 Ill. 2d 227, 233 (2004). However, the trial court had no basis to relax the doctrine in this case. Defendant did not present any new facts or attach any documentation to his petition.

¶ 12 We also agree with OSAD that no argument can be made the trial court's summary dismissal was procedurally improper. Section 122-2.1(a) of the Act provides the trial court must enter an order on a defendant's postconviction petition "[w]ithin 90 days after the filing and docketing" of the petition. 725 ILCS 5/122-2.1(a) (West 2018). "[I]f the trial court does not enter a summary dismissal within 90 days, it may not do so at all, and instead the petition must proceed to the second stage." *Lentz*, 2014 IL App (2d) 130332, ¶ 7. Here, defendant's petition was docketed on February 1, 2021. The trial court entered its order on April 26, 2021. Thus, because the court entered its order within 90 days and without input from the

State, we agree no argument can be made the court's summary dismissal was procedurally improper.

¶ 13                                    III. CONCLUSION

¶ 14            For the reasons stated, we grant OSAD's motion to withdraw as counsel and affirm the trial court's judgment.

¶ 15            Affirmed.