2025 IL App (1st) 240753-U

No. 1-24-0753

Order filed August 29, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | 14 CR 19585 |
| | ) | |
| WILLIAM GARDNER, | ) | Honorable |
| | ) | Domenica A. Stephenson, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Tailor and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the order assessing filing fees and court costs and modify the assessed
           amount.

¶ 2    William Gardner appeals from the circuit court's order dismissing his third petition for

relief from judgment filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS

5/2-1401 (West 2024)) and assessing $105 in filing fees and court costs under section 22-105 of

the Code (735 ILCS 5/22-105 (West 2024)). On appeal, Gardner contends that the court improperly assessed fees and costs because the petition was not frivolous.

¶ 3     We affirm the assessment of fees and costs because Gardner's petition, his third, repeated claims already rejected and lacked any arguable basis in law or fact, justifying the assessment of fees and costs under section 22-105. Regarding the amount, we modify the total assessment to $85, correcting the circuit court's reliance on a repealed statute.

¶ 4                    Background

¶ 5     In November 2014, a grand jury returned a 35-count indictment against Gardner. Before trial, the State announced it would proceed on counts IX and X (first degree murder while personally discharging a firearm that proximately caused death) and counts XXX, XXXII, and XXXIV (aggravated assault of a peace officer). Before jury selection, the State nol-prossed the remaining counts. Later, the State moved to reinstate counts I through VIII, XI through XXIX, XXXI, XXXIII, and XXXV, which the court granted without objection from Gardner's counsel. When Gardner's jury trial began, however, the State proceeded on counts IX and X, count XXVII (attempted murder), count XXIX (aggravated battery with a firearm), and counts XXX, XXXII, and XXXIV (aggravated assault of a peace officer). The State nol-prossed the remaining counts.

¶ 6     The jury found Gardner guilty of counts IX and X and XXIX, XXX, XXXII, and XXXIV and not guilty of count XXVII (attempted murder).

¶ 7     Gardner filed a posttrial motion for a new trial and a "motion to vacate conviction." The State's response to the "motion to vacate conviction" referenced that the jury found Gardner guilty on count IV and "Counts 1-3, 5 and 31-33." The court denied Gardner's motions.

¶ 8    Following a hearing, the court merged count X into count IX and imposed 35 years in prison for first degree murder plus a 25-year firearm enhancement, and 10 years for aggravated battery with a firearm consecutive to the first degree murder sentence. The court also imposed three years on each aggravated assault count, concurrent to the aggravated battery with a firearm count, for a total of 70 years in prison.

¶ 9    Gardner filed a notice of appeal and a timely motion to reconsider sentence on July 25, 2019, which the court failed to put on the call until July 16, 2020. On appeal, the parties requested summary remand for the circuit court to rule on the timely post-sentencing motion, which this court allowed. *People v. Gardner*, No. 1-19-1608 (2021) (unpublished dispositional order).

¶ 10   The circuit court held a hearing on Gardner's motion to reconsider sentence. During the hearing, Gardner appeared *pro se* and argued that he was found guilty on counts "1 through 3, 5, 31, 32, [and] 33," and sentenced on counts "9, 29, 30, and 34." Gardner referenced a certified criminal disposition sheet, which, he argued, included a note stating that the court added counts "9, 29, 30, *** 32 and 34." Gardner contended that the counts on which he was found guilty had been nol-prossed, but the court reinstated the counts without a grand jury.

¶ 11   The court explained that the State had requested to reinstate counts I through VIII, XI through XXIX, XXXI, XXXIII, and XXXV, which the court allowed because the counts had been dismissed before jury selection and Gardner's counsel did not object. The court noted that the clerk's office appeared to have incorrectly entered the sentencing information, and "just because the clerk's office puts it in their computer doesn't make it so."

¶ 12   The court also reviewed the verdict forms and found that Gardner was "sentenced appropriately on the appropriate counts." The court noted that a certified disposition from the

clerk's office, attached to Gardner's motion, showed that the court sentenced Gardner on the correct counts of IX, XXIX, XXX, XXXII, and XXXIV, and this comported with the counts the State proceeded on at trial. The court also noted that, on the indictment return sheet, it circled the counts on which the State proceeded to trial and had handwritten the jury's verdict for counts IX, X, XXVII, XXIX, XXX, XXXII, and XXXIV. The court denied the motion to reconsider sentence and Gardner appealed. This court affirmed. *People v. Gardner*, 2024 IL App (1st) 211304-U.

¶ 13    In 2022, while Gardner's direct appeal was pending, he filed *pro se* a petition for relief from judgment alleging that the circuit court had violated Illinois Supreme Court Rule 451(g) (eff. Apr. 8, 2013). Gardner attached copies of the court's sentencing order of June 26, 2019, the State's response to his posttrial "motion to vacate conviction," the transcript from the September 2021, hearing on the motion to reconsider his sentence, and a copy of the certified statement of conviction/disposition.

¶ 14    The circuit court dismissed the petition. The court found that no Rule 451(g) violation occurred as the jury found that the firearm enhancement factor existed, and the court imposed sentence per the jury's verdict. The court explained that it merged the first degree murder counts, "Counts 9-10," and imposed sentence. The court explained that it also imposed sentences on "Count 29" and "Counts 30, 32, and 34," for aggravated battery and aggravated assault of a peace officer, respectively. Gardner appealed. We affirmed and permitted appellate counsel to withdraw under *Pennsylvania v. Finley*, 418 U.S. 551 (1987), over Gardner's response asserting that the court changed the counts on which he was to be sentenced. *People v. Gardner*, No. 1-22-1384 (2023) (unpublished summary order under Supreme Court Rule 23(c)).

¶ 15    In June 2023, Gardner filed *pro se* a second petition for relief from judgment, alleging the court allowed the State's motion to correct the report of proceedings during an *ex parte* hearing. The court *sua sponte* dismissed the petition as meritless in a written order. Gardner appealed. We affirmed and permitted appellate counsel to withdraw under *Finley*. *People v. Gardner*, 1-23-1437 (2025) (unpublished summary order under Supreme Court Rule 23(c)).

¶ 16    On January 4, 2024, Gardner filed a third petition for relief from judgment, representing himself, which is the basis of this appeal. He contended that the court erroneously sentenced him on counts that had been nol-prossed before trial (according to Gardner, counts "9, 10, 29, 30, and 34"), rendering the judgment void. He attached several documents, including (i) a certified statement of conviction/disposition showing a verdict of guilty on counts I-V, and XXXI-XXXIII and (ii) the State's response to his posttrial motion to vacate conviction referencing the jury's verdict of guilty on counts I-III, V, and XXXI-XXXIII.

¶ 17    The circuit court issued a written order denying the petition as frivolous and patently without merit, as nothing in the record established that the State proceeded to trial on counts IX, X, XXVII, XXIX, XXX, XXXII, and XXXIV. Although Count XXIX had been dismissed, it was properly reinstated. The court clarified that counts IX, X, XXX, XXXII, and XXXIV "were never dismissed." The court rejected Gardner's reliance on the certified statement of conviction/disposition and the State's response to Gardner's motion to vacate conviction, stating that the report of proceedings rebutted errors in those documents regarding the counts on which the State proceeded. The court concluded that, "[b]ased upon the official transcript and record, Petitioner's claims are blatantly false, inaccurate, not supported by the record and have no arguable basis in law or fact."

¶ 18 On March 27, 2024, the court entered an order under section 22-105 of the Code, *nunc pro tunc* to March 14, 2024, assessing filing fees and court costs totaling $105, consisting of $90 for filing a petition to vacate, modify, or reconsider final judgment plus $15 in mailing fees. The court explained that Gardner's filings were "entirely frivolous" because they lacked an arguable basis in law or fact, the allegations and other factual contentions lacked evidentiary support, and the "filings, in *toto*, were presented to hinder, cause unnecessary delay, and needless increase in the cost of litigation."

¶ 19                                    Analysis

¶ 20 Gardner argues that the circuit court's order assessing $105 in filing fees and court costs for filing a frivolous petition should be vacated.

¶ 21                          *Issue of Frivolous Petition*

¶ 22 A petition for relief from judgment requests the circuit court to vacate a final sentence or judgment older than 30 days and generally must be filed within two years of the challenged judgment. 735 ILCS 5/2-1401 (West 2024); *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). The petition cannot relitigate matters which have already been raised or which could have been raised on direct appeal or in other collateral proceedings. *People v. Cathey*, 2019 IL App (1st) 153118, ¶ 21. A court may dismiss a petition *sua sponte* where the facts alleged do not provide a legal basis for relief. *Vincent*, 226 Ill. 2d at 8-9.

¶ 23 Under section 22-105(a) of the Code, a circuit court may assess filing fees and court costs against a prisoner who files a second or subsequent petition for relief from judgment if the court makes "specific findings" that the particular filing is frivolous. 735 ILCS 5/22-105(a) (West 2024). This section seeks to prevent prisoners from filing frivolous collateral proceedings that "adversely

affect the efficient administration of justice" and to compensate the courts for the time and expense of adjudicating these claims. *People v. Conick*, 232 Ill. 2d 132, 141 (2008).

¶ 24    Section 22-105(b) defines a "frivolous" filing as one that meets any of the following criteria: (i) it lacks an arguable basis in law or fact;, (ii) it is presented for an improper purpose, such as to delay, harass, or increase the cost of litigation, (iii) the claims, defenses, or legal contentions are not warranted by existing law, or by a nonfrivolous argument to extend, modify, or reverse an existing law or establish a new law, (iv) the allegations and other factual contentions lack evidentiary support, or are unlikely to have evidentiary support, and (v) the denials of factual contentions are unwarranted on the evidence or, if specifically identified, are not reasonably based on a lack of information or belief. 735 ILCS 5/22-105(b) (West 2024).

¶ 25    A claim that would otherwise be meritorious has no legal basis where it is barred by *res judicata* and forfeiture. *People v. Blair*, 215 Ill. 2d 427, 445 (2005). This court reviews the assessment of fees and costs under section 22-105 *de novo*. *People v. Alcozer*, 241 Ill. 2d 248, 254 (2011).

¶ 26    Here, the circuit court properly found that Gardner's third petition, which sought review of whether his sentences were entered on the correct counts, was frivolous. Before Gardner filed his third petition, the circuit court had already reviewed his sentences and explained that they were correct. Specifically, during the hearing on Gardner's motion to reconsider his sentence, the court explained that Gardner was properly sentenced on the counts for which the jury found him guilty. The court reviewed the sentences again when it dismissed Gardner's first petition for relief from judgment. Further, the court's written order dismissing that petition delineated which counts were sentenced and which were nol-prossed.

¶ 27 Moreover, this court affirmed the dismissal of Gardner's first petition for relief from judgment and allowed appellate counsel to withdraw, finding no issues of arguable merit on Gardner's contention that the court changed the counts on which he was to be sentenced. *Gardner*, No. 1-22-1384 (2023) (unpublished summary order under Supreme Court Rule 23(c)).

¶ 28 Gardner's third petition, raising claims already adjudicated, was therefore frivolous as it lacked an arguable basis in law and fact, had no evidentiary support, and raised claims to "hinder, cause unnecessary delay, and needless increase in the cost of litigation." See *Blair*, 215 Ill. 2d at 445 (stating that "where *res judicata* *** preclude[s] a defendant from obtaining relief, such a claim is necessarily 'frivolous' or 'patently without merit.'"). Because Gardner's third petition was frivolous, the circuit court properly assessed fees and costs.

¶ 29 Nevertheless, Gardner argues that his filing was not frivolous as he attached the certified statement of conviction/disposition and the State's response to his posttrial motion, appearing to show that he was found guilty of counts other than those for which he was sentenced. But, the circuit court had already informed Gardner that the report of proceedings rebutted "any errors that may be contained in these documents regarding on which counts the State elected to proceed."

¶ 30 Gardner further contends that the circuit court failed to make specific findings of frivolousness as it only recited portions of the statutory definition of the term. But, the court's order assessing fees and costs, which found the petition "entirely frivolous" and recited the statutory grounds, was entered *nunc pro tunc* to the date of the court's order dismissing his petition. In that order, the court found that "[b]ased upon the official transcript and record, Petitioner's claims are blatantly false, inaccurate, not supported by the record and have no arguable basis in law or fact." The court's order assessing fees and costs thus complied with section 22-105.

¶ 31                                    *Filing Fees and Costs*

¶ 32     As a final matter, Gardner asserts, and the State concedes, that the circuit court incorrectly calculated the assessed filing fees and court costs according to section 27.2 of the Clerks of Courts Act (705 ILCS 105/27.2(a) (repealed by Pub. Act. 100-987, § 905-57 (eff. July 1, 2019)),. This section was no longer in effect when the court entered its order under section 22-105. Gardner contends that the order should be vacated, while the State posits that this court "should modify the fines and fees imposed without a remand to reflect the correct amount."

¶ 33     We agree with the State. Under the statute in effect at the time, the correct amounts are $75 for filing a petition to vacate, modify, or reconsider judgment, and $10 for the mailing fee. We modify the assessed fees and costs to reflect $85. See 705 ILCS 105/27.1b(g)(2), (*l*) (West Supp. 2023) (providing the circuit court clerk fees); Ill. S. Ct. R. 615(b)(1) (eff. Jan. 1, 1967) (allowing this court to "reverse, affirm, or modify the judgment or order from which the appeal is taken").

¶ 34     Affirmed as modified.