Docket No. 105621.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. COREY CONICK, Appellee.

*Opinion filed November 20, 2008.*

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Garman, and Burke concurred in the judgment and opinion.

## OPINION

The circuit court of Cook County denied Corey Conick, a prisoner in the Illinois Department of Corrections, leave to file a successive postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122–1 *et seq.* (West 2006)). The court also assessed filing fees and court costs totaling $105 pursuant to section 22–105 of the Code of Civil Procedure (Code) (735 ILCS 5/22–105 (West 2006)), because Conick's proffered petition was found to be frivolous. The appellate court vacated the circuit court's order imposing the fees and costs. No. 1–06–1375 (unpublished order under Supreme Court Rule 23). We granted the State's petition for leave to

appeal (210 Ill. 2d R. 315), and now reverse the judgment of the appellate court.

## BACKGROUND

Conick's Cook County jury trial for the 1996 attempted armed robbery and first degree murder of Frank Randle ended in a mistrial. Thereafter, on August 31, 1998, Conick pleaded guilty in exchange for consecutive sentences of 60 years' imprisonment for first degree murder and 10 years' imprisonment for attempted armed robbery. In 1999, Conick filed his first postconviction petition. After conducting a hearing on the petition, the circuit court denied Conick relief. Conick filed an untimely appeal that the appellate court dismissed for want of prosecution in July 2000. Conick filed his second petition for postconviction relief in December 2000. This petition was summarily dismissed by the circuit court as frivolous and patently without merit, and the appellate court affirmed the dismissal in 2003. In January 2006, Conick's third request for postconviction relief, styled "Pro Se Petitioner Leave to File Successive Petition For Post-Conviction Relief," was filed, along with supporting documentation and motions to proceed *in forma pauperis* and for appointment of counsel. The proffered third petition raised two claims: (1) that the prosecution "knowingly used false and perjured testimony" of Arthur Love during Conick's jury trial; and (2) that Conick's trial counsel failed to provide him the level of assistance guaranteed by the sixth amendment of the United States Constitution. Conick supported his allegations with, *inter alia*, an affidavit from Love recanting his trial testimony.

The circuit court reviewed Conick's filings and entered two orders on February 23, 2006. In the first order, the circuit court not only found the proffered successive postconviction petition failed to satisfy the applicable cause and prejudice requirements of section 122–1(f) of the Act (725 ILCS 5/122–1(f) (West 2006)), but deemed its claims "entirely lacking in merit." The court therefore denied Conick leave to file his successive petition and further denied his motions for leave to proceed *in forma pauperis* and for the appointment of counsel. The court's second order assessed "$90 for filing a petition to vacate, modify or reconsider final judgment plus $15 in mailing fees" against Conick pursuant to section 22–105(a) of

the Code because his proffered third petition "was frivolous and patently without merit," citing sections 22–105(b)(1) and 22–105(b)(4) (735 ILCS 5/22–105(b)(1), (b)(4) (West 2006)). The court subsequently denied Conick's motion to reconsider and he appealed.

On appeal, Conick abandoned his substantive claims and solely contested the circuit court's order assessing fees and costs against him for filing a frivolous lawsuit as a prisoner under section 22–105. On August 31, 2007, the appellate court affirmed the circuit court's assessment of fees and costs. On September 21, 2007, Conick filed a petition for rehearing in light of this court's opinion in *People v. LaPointe*, 227 Ill. 2d 39 (2007). The appellate court denied rehearing, but withdrew its August 31, 2007, decision and, on October 12, 2007, filed another order striking the circuit court's assessment of fees and costs under section 22–105, "in accordance with *LaPointe*." No. 1–06–1375 (unpublished order under Supreme Court Rule 23).[1]

ANALYSIS

Section 122–1(f) of the Post-Conviction Hearing Act states, in pertinent part:

> "(f) Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." 725 ILCS 5/122–1(f) (West 2006).

Section 22–105 of the Code of Civil Procedure is entitled "Frivolous lawsuits filed by prisoners" and provides:

> "(a) If a prisoner confined in an Illinois Department of Corrections facility files a pleading, motion, or other filing

---

[1]The State correctly notes that, pursuant to Supreme Court Rule 367(d) (210 Ill. 2d R. 367(d)), "[n]o substantive change in the relief granted or denied by the reviewing court may be made on denial of rehearing unless an answer has been requested." Here, while the appellate court improperly failed to request an answer from the State, our decision obviates any need for further mention of this error.

-3-

which purports to be a legal document in a case seeking post-conviction relief under Article 122 of the Code of Criminal Procedure of 1963, pursuant to Section 116–3 of the Code of Criminal Procedure of 1963, in a habeas corpus action under Article X of this Code, in a claim under the Court of Claims Act, or in another action against the State, the Illinois Department of Corrections, or the Prisoner Review Board, or against any of their officers or employees and the Court makes a specific finding that the pleading, motion, or other filing which purports to be a legal document filed by the prisoner is frivolous, the prisoner is responsible for the full payment of filing fees and actual court costs.

*\*\**

(b) In this Section, 'frivolous' means that a pleading, motion, or other filing which purports to be a legal document filed by a prisoner in his or her lawsuit meets any or all of the following criteria:

(1) it lacks an arguable basis either in law or in fact;

(2) it is being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(3) the claims, defenses, and other legal contentions therein are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(4) the allegations and other factual contentions do not have evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; or

(5) the denials of factual contentions are not warranted on the evidence, or if specifically so identified, are not reasonably based on a lack of information or belief." 735 ILCS 5/22–105(a), (b) (West 2006).

On appeal to this court, the State contends that section 22–105 authorized the circuit court to assess fees and costs against Conick for filing a frivolous "pleading, motion, or other filing which

purports to be a legal document in a case seeking post-conviction relief." 735 ILCS 5/22–105(a) (West 2006). Conversely, Conick argues that the appellate court properly held that, because the circuit court denied him leave to file his successive postconviction petition, no petition, frivolous or not, was "filed" in this "case," and the court accordingly erred in assessing fees and costs. No. 1–06–1375 (unpublished order under Supreme Court Rule 23), quoting *People v. LaPointe*, 227 Ill. 2d 39, 44 (2007). The question before us, therefore, involves the statutory interpretation of the terms "file" and "case" as they are used in section 22–105, and our review is *de novo*. See *People v. Campa*, 217 Ill. 2d 243, 252 (2005); *In re Detention of Lieberman*, 201 Ill. 2d 300, 307 (2002).

This court set forth the well-settled principles of statutory construction in *Orlak v. Loyola University Health System*, 228 Ill. 2d 1, 8 (2007), stating:

> "The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. [Citation.] That intent is best gleaned from the words of the statute itself, and where the statutory language is clear and unambiguous, it must be given effect. [Citation.] A court should interpret a statute, where possible, according to the plain and ordinary meaning of the language used. [Citation.] In determining the plain meaning of a statute's terms, we consider the statute in its entirety, keeping in mind the subject it addresses, and the apparent intent of the legislature in enacting the statute. [Citation.]"

We also afford the statutory language the fullest, rather than narrowest, possible meaning to which it is susceptible. *Hennings v. Chandler*, 229 Ill. 2d 18, 24 (2008); *Lieberman*, 201 Ill. 2d at 308.

The State contends that the appellate court ignored the unambiguous plain language of section 22–105 and frustrated the legislature's intent by concluding that because Conick's "Pro Se Petitioner Leave to File Successive Petition For Post-Conviction Relief" was denied, it did not fall within the statute's purview because it was never "filed," effectively creating an exception to the statute. We agree with the State. Here, the appellate court relied on this court's statement in *LaPointe* that a successive postconviction petition "will not be considered filed until leave to file is expressly

granted by the circuit court in accordance with section 122–1(f) of the Act." *LaPointe*, 227 Ill. 2d at 45. However, in *LaPointe*, we did not analyze, as we do here, the applicability of section 22–105 to a petitioner's attempt to seek postconviction relief through a successive postconviction pleading. Rather, this court made clear in *LaPointe* that because section 122–1(f) of the Act "expressly conditions leave to file on the petitioner's satisfaction of the cause-and-prejudice test, a second or successive petition cannot be considered filed *despite its having been previously accepted by the clerk's office*." (Emphasis added.) *LaPointe*, 227 Ill. 2d at 44. Thus, *LaPointe* specifically distinguished leave to file a successive postconviction petition under section 122–1(f) with the broader, more "plain and ordinary" meaning of the word "file" as used in section 22–105. See *Artuz v. Bennett*, 531 U.S. 4, 8, 148 L. Ed. 2d 213, 218, 121 S. Ct. 361, 363 (2000) (an application for postconviction or other collateral review under state law "is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record"); Black's Law Dictionary 642 (7th ed. 1999) (defining "file" as "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record").

In *People v. Smith*, 383 Ill. App. 3d 1078 (2008), the trial court denied the defendant leave to file her successive petition for postconviction relief, and concurrently assessed fees and costs against her for filing a frivolous pleading under sections 22–105(b)(1) and (b)(3). On appeal, the appellate court affirmed the trial court's orders and rejected the defendant's attempt, as here, to "equate[ ] filing procedures for successive postconviction petitions under the Post-Conviction Act with the meaning of 'filing' contemplated in section 22–105(a)." *Smith*, 383 Ill. App. 3d at 1091. The court went on to state:

> "Generally, as mandated by section 122–1(f) of the Post-Conviction Act, a defendant must seek explicit leave to file a successive postconviction petition before the actual petition is considered. Presumably, a defendant would accomplish this requirement by filing a motion requesting leave to file the petition. Such motion would clearly qualify as a motion seeking postconviction relief, as indicated by

section 22–105(a). See 735 ILCS 5/22–105(a) (West 2006)." *Smith*, 383 Ill. App. 3d at 1092.[2]

Thus, in this case, as in *Smith*, whether or not the proffered petition itself was formally "filed" under the Act, Conick clearly "file[d] a pleading, motion, or other filing *** seeking post-conviction relief" within the meaning of section 22–105(a) of the Code (735 ILCS 5/22–105(a) (West 2006)).

Additionally, "[i]t is never proper for a court to depart from plain language by reading into the statute exceptions, limitations, or conditions which conflict with the clearly expressed legislative intent." *People v. Hari*, 218 Ill. 2d 275, 295 (2006). Here, by excluding any proffered successive postconviction petition which does not meet the requirements of section 122–1(f) of the Act from the sphere of section 22–105 of the Code, the appellate court thwarted the legislature's intent in enacting that statute; *i.e.*, to curb the large number of frivolous collateral pleadings filed by prisoners which adversely affect the efficient administration of justice, and to compensate the courts for the time and expense incurred in processing and disposing of them. See *People v. Carter*, 377 Ill. App. 3d 91, 106 (2007); *People v. Hunter*, 376 Ill. App. 3d 639, 648 (2007); *People v. Gale*, 376 Ill. App. 3d 344, 360 (2007); see also *People v. Anderson*, 352 Ill. App. 3d 934, 946 (2004) (various provisions exist to "discourage frivolous petitions" for *habeas corpus*, *mandamus*, section 2–1401 relief and other pleadings likely to be employed by prisoners, including, specifically, section 22–105 allowing for the assessment of filing fees and court costs against prisoners who file frivolous pleadings).

Further, the appellate court's exclusion of successive postconviction petitions which have been determined not to meet the

---

[2]We recognize that neither the hybrid motion and successive petition filed herein nor the "implicit[ ] *** request for leave" to file a successive petition in *Smith* meet that court's postulation of the proper way to proceed under section 122–1(f) of the Act. However, while we agree that the filing of a separate motion for leave to file a successive petition is preferred, we find that any technical imperfection in procedure in this case did not hinder the trial court from performing its review under either section 122–1(f) of the Act or section 22–105 of the Code.

cause and prejudice requirements of section 122–1(f) from the ambit of section 22–105 creates an absurd result allowing a prisoner to file innumerable frivolous motions for leave to file a successive postconviction petition, without being subject to any repercussions for wasting valuable judicial resources. "It is axiomatic that, in construing a statute, we presume that the General Assembly did not intend absurdity, inconvenience or injustice in enacting the statute." *J.S.A. v. M.H.*, 224 Ill. 2d 182, 210 (2007); see also *People v. McCarty*, 223 Ill. 2d 109, 126 (2006). Instead, the unambiguous language of section 22–105 expresses the legislature's desire to decrease the number of frivolous postconviction petitions filed by prisoners, and "does not distinguish between those who have filed one or more than one such petition." *Gale*, 376 Ill. App. 3d at 363; see also *Carter*, 377 Ill. App. 3d at 107. For the purposes of section 22–105, the status of the petition as either original or successive is not significant. See *Carter*, 377 Ill. App. 3d at 96. The trial court must still examine every request for postconviction relief whether it be an initial petition subject to review under the "gist" standard (*People v. Jones*, 211 Ill. 2d 140, 148 (2004)) or a proffered successive petition subject to the more exacting cause and prejudice standard (725 ILCS 5/122–1(f) (West 2006)). Thus, as the appellate court herein has both misconstrued this court's ruling in *LaPointe*, and created an unwarranted exception to section 22–105, we must reject that court's reasoning for vacating the circuit court's assessment of fees and costs under that section.

Next, we consider Conick's related contention that under *LaPointe*, no "pleading, motion, or other filing which purports to be a legal document *in a case* seeking post-conviction relief" was ever filed because permission to start a case was denied. (Emphasis added.) 735 ILCS 5/22–105(a) (West 2006). However, just as we have determined that the appellate court, and Conick's, reliance on *LaPointe* for the meaning of the word "file" as used in section 122–1(f) of the Act led to their misinterpretation of that word's meaning within section 122–105 of the Code, we conclude that the word "case" has been similarly misinterpreted. The phrase "in a case," as used in section 22–105(a), cannot be read as Conick proposes because the "case" referred to is not a new action, but rather a continuation of the criminal action against him which began

-8-

in 1996, and which has proceeded through various appeals and postconviction proceedings to this day. This reading of the phrase "in a case" is supported by the fact that, in order to determine if the filing is "frivolous" under section 22–105(b), the court must necessarily examine law and facts relevant to the "case" in which the prisoner seeks relief. See 735 ILCS 5/22–105(b) (West 2006); see also *Carter*, 377 Ill. App. 3d at 103 (the trial judge followed the provisions of the Act and section 22–105 of the Code in properly finding the defendant's successive petition frivolous where the judge provided in writing that the petition satisfied the specific criteria under section 22–105, which rendered defendant's successive petition frivolous).

Once again, the purpose of section 22–105 is to stem the tide of frivolous filings by prisoners who have been convicted and, in most instances, have had their "cases" subjected to additional forms of appellate review. As the appellate court stated in *Gale*:

> "Our legislature has made clear, by its enactment of various statutory provisions, that, while it is willing to offer certain types of further relief to prisoners beyond their trials and appeals, it is concerned with the number of frivolous petitions that may be filed seeking such relief which, in turn, impacts the efficiency of our courts and the effectiveness of our administrative process." *Gale*, 376 Ill. App. 3d at 360.

Conick likewise contends that fees and costs cannot be assessed under a statute entitled "Frivolous *lawsuits* filed by prisoners" where no lawsuit exists. (Emphasis added.) 735 ILCS 5/22–105 (West 2006). We again must disagree. The broad, inclusive language of the statute clearly shows the legislature's intent to cast a wide net in defining "lawsuits" where it encompasses any:

> "pleading, motion, or other filing which purports to be a legal document in a case seeking post-conviction relief under Article 122 of the Code of Criminal Procedure of 1963, pursuant to Section 116–3 of the Code of Criminal Procedure of 1963, in a habeas corpus action under Article X of this Code, in a claim under the Court of Claims Act, or in another action against the State, the Illinois Department of Corrections, or the Prisoner Review Board, or against any of

their officers or employees." 735 ILCS 5/22–105(a) (West 2006).

As earlier noted, statutory language should be read in accord with its plain, ordinary and popularly understood meaning, and afforded the fullest, rather than the narrowest, possible meaning to which it is susceptible. *In re Detention of Lieberman*, 201 Ill. 2d at 308. Thus, we concur with the *Smith* court that, as to section 22–105: "[T]he statutory language of what type of filings can be assessed the filing fee if found to be frivolous is very broad. We find that this language shows the legislature's intention to include all types of *pro se* filings by prisoners seeking postconviction relief." *Smith*, 383 Ill. App. 3d at 1092.

Here, Conick filed with the circuit clerk a document entitled "Pro Se Petitioner Leave to File Successive Petition For Post-Conviction Relief," which was both a motion to file a successive petition and the proposed petition itself, including supporting documentation. This pleading clearly falls within the scope of the term "lawsuits" as used in the title of section 22–105, as it was submitted for the purpose of seeking postconviction relief, and the circuit court later made "a specific finding that the pleading, motion, or other filing which purports to be a legal document filed by the prisoner is frivolous." 735 ILCS 5/22–105(a) (West 2006). Therefore, we conclude that a broad reading of the words "lawsuits" and "case" in section 22–105 is essential for the goal of the legislature in enacting that statute to be accomplished.

Finally, Conick asserts the argument that because his proffered successive petition met the cause and prejudice requirements of section 122–1(f) of the Act, the petition was not frivolous, and any imposition of fees and costs under section 22–105 was therefore improper. However, in the appellate court, Conick contested neither the circuit court's finding that his successive petition failed to meet the cause and prejudice test nor its finding of frivolousness. Thus, as this argument was not raised in the appellate court, it is forfeited and we decline to address it. See *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005) (we use the term "forfeited" to mean issues that could have been raised, but were not, and are therefore barred).

CONCLUSION

Based upon the foregoing, we reverse the appellate court's judgment which vacated the assessments imposed on Conick under section 22–105 of the Code. The circuit court's order assessing Conick $105 in costs and fees is therefore affirmed.

*Appellate court judgment reversed;*
*circuit court order affirmed*.