# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Munoz, 2011 IL App (3d) 100193**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LIZARRO MUNOZ, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-10-0193 |
| Filed | December 19, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from the conviction and sentence imposed on defendant for criminal sexual assault, the DNA analysis fee was vacated on the ground that defendant was already in the DNA database as the result of a prior case, and the indeterminate term of mandatory supervised release imposed by the Department of Corrections was vacated as void, since it is the trial court's duty, not the department's, to sentence defendant to a term of MSR within the statutory guidelines, and on remand, the trial court was directed to sentence defendant to a term of MSR as provided by section 5-8-1(d)(4) of the Unified Code of Corrections and enter a corrected sentencing order. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 07-CF-1489; the Hon. James E. Shadid, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded with directions. |

Counsel on
Appeal

Jean Park, of State Appellate Defender's Office, of Chicago, for appellant.

Jerry Brady, State's Attorney, of Peoria (Terry A. Mertel and Dawn D. Duffy, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Presiding Justice Carter and Justice Wright concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Lizarro Munoz was convicted of criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2006)) and sentenced to 17 years in prison plus 2 years of mandatory supervised release (MSR). On appeal, he argues that (1) the Department of Corrections' (DOC) records should be corrected to comply with the trial court's sentence, and (2) the DNA testing and $200 analysis fee should be vacated. We affirm in part, vacate in part, and remand with directions.

¶ 2    Defendant pled guilty to criminal sexual assault and aggravated robbery. In exchange for defendant's plea, the State agreed to dismiss the aggravated robbery charge and suggest a sentencing cap of 17 years in prison and 2 years of MSR. Following the State's presentation of the factual basis for the plea, the trial court sentenced defendant to the agreed terms and ordered defendant to submit to DNA testing and pay an analysis fee. The trial court's written sentencing judgment reflected defendant's sentence of 17 years' imprisonment and a 2-year term of MSR. After sentencing, the Department of Corrections inmate records listed defendant's MSR terms as "3 Yrs to Life-To Be Determined."

¶ 3                    I. Indeterminate Term of MSR Imposed by DOC
¶ 4                                        A
¶ 5    Defendant claims that the DOC lacked the authority to impose an indeterminate term of MSR of three years to life when the trial court sentenced him to two years of MSR.

¶ 6    The imposition of MSR is statutorily required. See 730 ILCS 5/5-8-1(d) (West 2006). When construing the meaning of a statute, the primary objective of this court is to ascertain and give effect to the intent of the legislature. *Southern Illinoisan v. Illinois Department of Public Health*, 218 Ill. 2d 390 (2006). That intent is best determined by examining the language of the statute itself; where the language is clear and unambiguous it must be given

effect. *Orlak v. Loyola University Health System*, 228 Ill. 2d 1 (2007). A statute should be read as a whole and construed so as to give effect to every word, clause and sentence. *People ex rel. Department of Corrections v. Hawkins*, 2011 IL 110792. It should not be read so as to render any part superfluous or meaningless. *Hawkins*, 2011 IL 110792, ¶ 23. Statutory construction is a question of law which we review *de novo*. *People v. Alcozer*, 241 Ill. 2d 248 (2011).

¶ 7    Under the Unified Code of Corrections (Code) (730 ILCS 5/1-1-1 *et seq.* (West 2006)), a sentence is defined as the "disposition imposed by the court on a convicted defendant." 730 ILCS 5/5-1-19 (West 2006). The pronouncement of a sentence is the judicial act that conforms to the judgment of the court. *People v. Allen*, 71 Ill. 2d 378 (1978). A sentence imposed by the court in a criminal case must be authorized by law. *People v. Majer*, 131 Ill. App. 3d 80 (1985). The dispositions available to courts include probation, conditional discharge and a term of imprisonment. 730 ILCS 5/5-5-3 (West 2006).

¶ 8    Section 5-8-1(d) of the Code states that "every sentence shall include as though written therein a term [of MSR] in addition to the term of imprisonment." 730 ILCS 5/5-8-1(d) (West 2006); see also *People v. Whitfield*, 217 Ill. 2d 177 (2005) (MSR is part of a defendant's sentence). The MSR term for the offense of criminal sexual assault "shall range from a minimum of 3 years to a maximum of the natural life of the defendant." 730 ILCS 5/5-8-1(d)(4) (West 2006).

¶ 9    The Code also provides the DOC, through the Prisoner Review Board, the ability to terminate a term of MSR early. 730 ILCS 5/3-3-8 (West 2006). Article 3 of the Code governs the Department of Corrections and addresses the powers and duties of the Prisoner Review Board. 730 ILCS 5/3-1-1 *et seq.* (West 2006). Under section 3-3-8(b), the Prisoner Review Board may enter an order releasing a defendant from MSR when it determines "that he is likely to remain at liberty without committing another offense." 730 ILCS 5/3-3-8(b) (West 2006). The Prisoner Review Board is also authorized to set conditions for parole and mandatory supervised release imposed under section 5-8-1(d) of the Code. 730 ILCS 5/3-3-7, 3-14-2.5 (West 2006). However, article 3 contains no language that gives the board the power to impose a term of MSR required under section 5-8-1(d).

¶ 10    Defendant maintains that, under the plain language of these statutes, the power to impose an MSR term is exclusively the function of the trial court. We agree.

¶ 11    Construing the provisions of the Code as a whole, the trial court possesses the exclusive authority to sentence a defendant. Although the Code authorizes the DOC to make final determinations involving the amount of time a defendant actually spends under MSR, the grant of authority to impose MSR is located within the section of the Code addressing the sentencing power of the trial court. See 730 ILCS 5/5-8-1 (West 2006). Thus, the structure of the statute demonstrates that the legislature intended to give the trial court sole authority to impose a term of MSR as part of a defendant's sentence. See 730 ILCS 5/5-1-19 (West 2006); *People v. Rinehart*, 406 Ill. App. 3d 272 (2010).

¶ 12    In this case, the DOC imposed a term of MSR under section 5-8-1(d)(4) of the Code. 730 ILCS 5/5-8-1(d)(4) (West 2006). However, it is the trial court's duty, not the DOC's, to sentence a defendant to a term of MSR within the statutory guidelines. 730 ILCS 5/5-1-19

(West 2006); *Rinehart*, 406 Ill. App. 3d at 281. As a result, defendant's MSR term of three years to natural life, as imposed by the DOC, is void. See *People v. Thompson*, 209 Ill. 2d 19 (2004) (a sentence not authorized by statute is void).

¶ 13                                                                                  B

¶ 14       Defendant requests that we direct the DOC to comply with the trial court's sentencing order and reinstate his MSR term of two years. To do so, however, would be to impose a term of MSR that is void for lack of statutory authority. See 730 ILCS 5/5-8-1(d)(4) (West 2006) (for the offense of criminal sexual assault, term of MSR shall range from a minimum of three years to a maximum of natural life); *People v.Thompson*, 209 Ill. 2d 19 (2004). We therefore vacate the term of MSR imposed by the DOC and remand to the trial court with directions to impose MSR as provided under section 5-8-1(d)(4) of the Code.

¶ 15                                                          II. DNA Analysis Fee

¶ 16       Defendant also claims that the trial court exceeded its statutory authority by ordering him to pay a DNA fee because he submitted a DNA sample and paid the fee in a prior case.

¶ 17       This issue was recently addressed by our supreme court in *People v. Marshall*, 242 Ill. 2d 285 (2011). In that case, the court held that section 5-4-3 of the Code (730 ILCS 5/5-4-3 (West 2006)) authorizes a trial court to order the taking, analysis and payment of the analysis fee of a qualifying offender's DNA only where the defendant is not currently registered in the DNA database. *Marshall*, 242 Ill. 2d at 303. In this case, the State concedes that defendant's DNA is already on file. We therefore vacate that portion of the court's order requiring additional testing and ordering defendant to pay the $200 DNA analysis fee.

¶ 18                                                           III. Conclusion

¶ 19       We vacate the indeterminate term of MSR imposed by the DOC, vacate the $200 DNA analysis fee, and otherwise affirm the trial court's judgment. On remand, the trial court is directed to sentence defendant to a term of MSR as provided by section 5-8-1(d)(4) of the Code and enter a corrected sentencing order. See 730 ILCS 5/5-8-1(d)(4) (West 2006). Accordingly, the judgment of the circuit court of Will County is affirmed in part and vacated in part, and the cause is remanded with directions.

¶ 20       Affirmed in part and vacated in part; cause remanded with directions.