# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Kerns*, 2012 IL App (3d) 100375

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JONATHAN KERNS, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-10-0375 |
| Filed | February 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The two-year term of mandatory supervised release imposed by the trial court following defendant's conviction for criminal sexual assault was not authorized, where it was not within the range of a minimum of three years to a maximum of defendant's natural life as dictated by section 5-8-1(d)(4) of the Unified Code of Corrections, and the term of "3 years to Life–To Be Determined" listed in Department of Corrections records was void on the ground that it is the trial court's duty to sentence defendant to a term of MSR within the statutory guidelines; therefore, the term of MSR imposed by the trial court was vacated and the cause was remanded to the trial court with directions to impose an indeterminate MSR term of three years to natural life. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 09-CF-726; the Hon. Glenn H. Collier, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded with directions. |

| Counsel on Appeal | Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, and Carrie B. Stevens, of Law Offices of Catherine Burkey, of Grand Junction, Colorado, for appellant. |
| --- | --- |
| | Jerry Brady, State's Attorney, of Peoria (Terry A. Mertel and Richard T. Leonard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion. Presiding Justice Schmidt and Justice Carter concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant Jonathan Kerns was convicted of criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 2008)) and sentenced to seven years in prison. On appeal, he argues that (1) his indeterminate term of mandatory supervised release (MSR) imposed by the Department of Corrections (DOC) is void, and (2) the cause should be remanded with directions to the trial court to impose a specific term of MSR pursuant to section 5-8-1(d)(4) of the Unified Code of Corrections (Code) (730 ILCS 5/1-1-1 *et seq.* (West 2008)). We vacate and remand with directions.

¶ 2    In February 2010, a jury convicted defendant of criminal sexual assault. The trial court's sentencing judgment reflected defendant's sentence of seven years and imposed a two-year term of MSR. After sentencing, the DOC's inmate records listed defendant's MSR term as "3 Yrs to Life–To Be Determined."

¶ 3                              ANALYSIS

¶ 4    Defendant claims that the DOC lacked the authority to impose an indeterminate term of MSR of three years to life when the trial court sentenced him to two years of MSR.

¶ 5    The imposition of MSR is statutorily required. See 730 ILCS 5/5-8-1(d) (West 2008). When construing the meaning of a statute, the primary objective of this court is to ascertain and give effect to the intent of the legislature. *Southern Illinoisan v. Illinois Department of Public Health*, 218 Ill. 2d 390 (2006). That intent is best determined by examining the language of the statute itself; where the language is clear and unambiguous it must be given effect. *Orlak v. Loyola University Health System*, 228 Ill. 2d 1 (2007). A statute should be read as a whole and construed so as to give effect to every word, clause and sentence. *People ex rel. Department of Corrections v. Hawkins*, 2011 IL 110792. It should not be read so as

-2-

to render any part superfluous or meaningless. *Hawkins*, 2011 IL 110792, ¶ 23. Statutory construction is a question of law that we review *de novo*. *People v. Alcozer*, 241 Ill. 2d 248 (2011).

¶ 6 Under the Code, a sentence is defined as the "disposition imposed by the court on a convicted defendant." 730 ILCS 5/5-1-19 (West 2008). The pronouncement of a sentence is the judicial act that conforms to the judgment of the court. *People v. Allen*, 71 Ill. 2d 378 (1978). A sentence imposed by the court in a criminal case must be authorized by law. *People v. Majer*, 131 Ill. App. 3d 80 (1985). The dispositions available to courts include probation, conditional discharge and a term of imprisonment. 730 ILCS 5/5-5-3 (West 2008).

¶ 7 Section 5-8-1(d) of the Code states that "every sentence shall include as though written therein a term [of MSR] in addition to the term of imprisonment." 730 ILCS 5/5-8-1(d) (West 2008); see also *People v. Whitfield*, 217 Ill. 2d 177 (2005) (MSR is part of a defendant's sentence). The MSR term for the offense of criminal sexual assault "shall range from a minimum of 3 years to a maximum of the natural life of the defendant." 730 ILCS 5/5-8-1(d)(4) (West 2008).

¶ 8 The Code also provides the DOC, through the Prisoner Review Board, the ability to terminate a term of MSR early. 730 ILCS 5/3-3-8 (West 2008). Article 3 of the Code governs the Department of Corrections and addresses the powers and duties of the Prisoner Review Board. 730 ILCS 5/3-1-1 *et seq.* (West 2008). Under section 3-3-8(b), the Prisoner Review Board may enter an order releasing a defendant from MSR when it determines "that he is likely to remain at liberty without committing another offense." 730 ILCS 5/3-3-8(b) (West 2008). The Prisoner Review Board is also authorized to set conditions for parole and mandatory supervised release imposed under section 5-8-1(d) of the Code. 730 ILCS 5/3-3-7, 3-14-2.5 (West 2008). However, article 3 contains no language that gives the Board the power to impose a term of MSR required under section 5-8-1(d).

¶ 9                                         I

¶ 10                     *Appropriate Term of MSR Under Section 5-8-1(d)(4)*

¶ 11 Defendant concedes that the two-year term of MSR imposed by the trial court is unauthorized and that MSR for criminal sexual assault is dictated by section 5-8-1(d)(4). However, he argues that, by requiring a range of three years to natural life, section 5-8-1(d)(4) intends that a specific term within that range will be imposed.

¶ 12 "Except as otherwise provided in the statute defining the offense ***, a sentence of imprisonment for a felony shall be a determinate sentence set by the court under this Section ***." 730 ILCS 5/5-8-1(a) (West 2008). The legislature created an exception for the sex offenses listed in section 5-8-1(d)(4). The MSR term for those offenses, including criminal sexual assault, ranges from a minimum of three years to a maximum of the length of defendant's natural life. See 730 ILCS 5/5-8-1(d)(4) (West 2008). Every other period of MSR in section 5-8-1(d) is set at a specific number of years. See 730 ILCS 5/5-8-1(d) (West 2008).

¶ 13 In *People v. Rinehart*, 2012 IL 111719, the supreme court considered the issue of whether section 5-8-1(d)(4) requires the trial court to set a determinate MSR term within the statutory

range. The court read the statute in conjunction with other provisions of the Code and determined that section 5-8-1(d)(4) "contemplate[d] indeterminate MSR terms, not determinate terms." *Rinehart*, 2012 IL 111719, ¶ 30.

¶ 14                                           II

¶ 15                              *Authority to Impose MSR*

¶ 16       Defendant requests that we remand the cause with directions that the trial court sentence him to the appropriate term of MSR. He maintains that, under the plain language of the sentencing statute, the power to impose an MSR term is exclusively the function of the trial court. We agree.

¶ 17       Although *Rinehart* does not speak directly to this issue, the law is clear that the trial court possesses the exclusive authority to sentence a defendant. The grant of authority to impose MSR is located within the section of the Code addressing the sentencing power of the trial court. See 730 ILCS 5/5-8-1 (West 2008). Thus, the structure of the statute demonstrates that the legislature intended to give the trial court sole authority to impose a term of MSR as part of a defendant's sentence. See 730 ILCS 5/5-1-19 (West 2008).

¶ 18       In this case, the DOC imposed a term of MSR under section 5-8-1(d)(4) of the Code. 730 ILCS 5/5-8-1(d)(4) (West 2008). However, it is the trial court's duty, not the DOC's, to sentence a defendant to a term of MSR within the statutory guidelines. See 730 ILCS 5/5-1-19 (West 2008). As a result, defendant's MSR term of three years to natural life, as imposed by the DOC, is void. See *People v. Thompson*, 209 Ill. 2d 19 (2004) (a sentence not authorized by statute is void). We therefore remand the cause to the trial court to impose an indeterminate MSR term of three years to natural life under section 5-8-1(d)(4).

¶ 19                                    CONCLUSION

¶ 20       We vacate the term of MSR imposed by the circuit court and remand with instructions to sentence defendant to an indeterminate term of MSR as provided by section 5-8-1(d)(4) of the Code and enter a corrected sentencing order. See 730 ILCS 5/5-8-1(d)(4) (West 2008). The judgment of the circuit court of Peoria County is affirmed in part and vacated in part, and the cause is remanded with directions.

¶ 21       Affirmed in part and vacated in part; cause remanded with directions.