2016 IL App (1st) 141221

SECOND DIVISION
March 1, 2016

No. 1-14-1221

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 92 CR 21083 |
| OSCAR CHACON, | ) ) | Honorable Charles P. Burns, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE PIERCE delivered the judgment of the court, with opinion.
Justices Neville and Hyman concurred in the judgment and opinion.

## O P I N I O N

¶ 1    Following a jury trial, defendant Oscar Chacon was found guilty of first degree murder and sentenced to 55 years' incarceration. Defendant subsequently filed a *pro se* document entitled "Motion to Modify-Correct a Void Mittimus and/or a Void Sentence" arguing that the Illinois Department of Corrections (IDOC) improperly added a three-year term of mandatory supervised release (MSR) that was not imposed by the trial court. Denying the motion, the trial court found that the motion was frivolous and assessed fees and costs against defendant pursuant to section 22-105 of the Code of Civil Procedure (Code) (735 ILCS 5/22-105 (West 2012)). On appeal,

defendant contends that section 22-105 does not apply to his motion and that the trial court erroneously found that the motion lacked an arguable basis in law or in fact. For the following reasons we find that section 22-105 applies to defendant's motion and defendant's motion had an arguable basis in law and was not frivolous. Accordingly, we vacate the fees.

¶ 2    The evidence at trial established that defendant and his codefendants, Salvador Ortiz and Edwin Gomez, were all members of the same gang on June 28, 1992. According to written and oral confessions by defendant, as well as the testimony of two eye witnesses, the three men lured a rival gang member, Francisco Ramos, into a Chicago park where they began to beat him. During the beating, Ramos attempted to flee. Defendant chased Ramos and fired a .22-caliber handgun at him. Ortiz also began to shoot. Ramos was struck multiple times and died. A medical examination recovered four .22-caliber bullets from Ramos's body.

¶ 3    The jury found defendant guilty of first degree murder and the trial court sentenced defendant to 55 years' imprisonment. Neither the court's oral pronouncement nor its written order indicated that defendant was required to serve an additional three years of MSR. This court affirmed defendant's conviction on direct appeal. *People v. Chacon*, No. 1-94-2246 (1997) (unpublished order under Supreme Court Rule 23).

¶ 4    On August 20, 2013, defendant filed a *pro se* motion entitled "Motion to Modify-Correct a Void Mittimus and/or a Void Sentence." The motion was filed  pursuant to Illinois Supreme Court Rule 615(b)(1) (eff. Jan. 1, 1967) and alleged that defendant's due process rights were violated because IDOC  improperly added a three-year term of MSR that was not imposed by the trial court. He also argued that section 5-8-1(d) of the Unified Code of Corrections (730 ILCS 5/5-8-1(d) (West 2012)) is ambiguous in regards to whether an MSR term runs consecutively or

concurrently with a term of imprisonment and thus must be read in his favor. He asked the trial court to reduce his sentence by three years.

¶ 5    On December 4, 2013, the circuit court denied defendant's motion in an oral pronouncement and in two separate, written orders. The first order refers to the *pro se* document as both a "motion" and a "petition," and explains that defendant's arguments must fail because his MSR term was "part of the original sentence by operation of law." The second order refers to the motion as a "petition [for] writ of *habeas corpus*" and states that defendant's filings are:

"[E]ntirely frivolous in that:

1. They lacked an arguable basis in law or in fact;

2. The filings, *in toto*, were presented to hinder, cause unnecessary delay, and needless increase in the cost of litigation[.]"

The court assessed fees against defendant pursuant to section 22-105 including $80 for filing fees and $15 in mailing fees. 735 ILCS 5/22-105 (West 2012). Defendant now appeals.

¶ 6    Defendant contends that the trial court erred in assessing fees against him for three reasons. He asserts that: (1) section 22-105 does not apply to the type of motion he filed, (2) the motion itself did not lack an arguable basis in the law at the time it was filed, and (3) there is no indication that his motion was intended to hinder or increase the cost of litigation. We address each of defendant's contentions in turn.

¶ 7    Defendant first argues that the trial court lacked statutory authority to assess fees because the type of motion defendant filed is not enumerated in section 22-105. He argues that his motion does not expressly rely upon any of the statutes listed in section 22-105 and that the motion's caption and jurisdictional argument indicate that defendant intended to file a motion in his

existing criminal case. The State responds that defendant's motion constituted an action against the State which is encompassed by section 22-105.

¶ 8 The question of whether section 22-105 applies to defendant's motion is a matter of statutory construction, and thus we apply *de novo* review. See *People v. Conick*, 232 Ill. 2d 132, 138 (2008). The guiding rule of statutory construction is to determine and give effect to the legislature's intent. *People v. Alcozer,* 241 Ill. 2d 248, 254 (2011). We interpret a statute according to the plain and ordinary meaning of its language. *People v. Blair*, 215 Ill. 2d 427, 443 (2005). In determining the plain meaning of a statute's terms, we consider the statute in its entirety, keeping in mind the subject it addresses, and the apparent intent of the legislature in enacting the statute. *Conick*, 232 Ill. 2d at 138. We must read the statutory language to its fullest, rather than its narrowest, possible meaning. *Id.*

¶ 9 Section 22-105(a) indicates that fees may be assessed against:

"a prisoner confined in an Illinois Department of Corrections facility [that] files a pleading, motion, or other filing which purports to be a legal document (1) in a case seeking postconviction relief under Article 122 of the Code of Criminal Procedure of 1963, (2) pursuant to Section 116-3 of the Code of Criminal Procedure of 1963, (3) in a habeas corpus action under Article X of this Code, (4) in a claim under the Court of Claims Act, or (5) a second or subsequent petition for relief from judgment under Section 2-1401 of this Code or (6) in another action against the State, the Illinois Department of Corrections, or the Prisoner Review Board, or against any of their officers or employees and the Court[.]" 735 ILCS 5/22-105(a) (West 2012).

Our supreme court has held that the language of section 22-105 reflects the legislature's intent " 'to include all types of *pro se* filings by prisoners' " seeking relief. *Conick*, 232 Ill. 2d at 144, (quoting *People v. Smith*, 383 Ill. App. 3d 1078, 1092 (2008)). Accordingly, the language defining what types of filings fall under section 22-105 is "very broad." *Id.* Neither party argues, and it is clear from the record and the motion itself, that defendant's motion was not treated as any of the five types of actions specifically enumerated in section 22-105. Therefore, the question before us is whether defendant's motion constituted "another action against the State." 735 ILCS 5/22-105(a) (West 2012).

¶ 10      Throughout section 22-105, the statute variously uses the terms "action" and "proceeding" to describe the legal filings for which fees may be assessed. *Id.* It also later refers to the actions described as "lawsuit[s]." 735 ILCS 5/22-105(b) (West 2012). Our supreme court has explained that the legislature's language thus indicates a clear intent to "cast a wide net" in defining the type of filing included within the purview of section 22-105. *Conick*, 232 Ill. 2d at 143.

¶ 11      We find that defendant's motion constitutes an action against the State within the meaning of section 22-105. Defendant's direct appeal was finalized 17 years before he filed the motion at issue. With his motion, he instituted a new set of proceedings with the State as an opposing party, in which he sought a reduction of his sentence. Under the broad language of the statute, it is clear that defendant's motion is the type of *pro se* filing the legislature intended to address in section 22-105.

¶ 12      Defendant argues that the caption of his motion, its reliance on Rule 615(b), and his jurisdictional arguments indicate that the document was intended to be a continuation of the

State's action against him, rather than his own action against the State. We find this argument unpersuasive. The State's criminal action against defendant was not pending at the time of the motion. Furthermore, we note the Illinois Supreme Court Rule 615(b) (eff. Jan. 1, 1967) expressly applies to the powers of an appellate court, not a circuit court. If we accept defendant's argument that a motion's caption and reliance on inapplicable law shield it from the purview of section 22-105, all defendants could largely circumvent the section's sanctions by simply rewording their filings. Such a reading of the statute would directly undermine the "wide net" the legislature clearly intended to cast. *Conick*, 232 Ill. 2d at 143. Accordingly, we find that section 22-105 does apply to defendant's motion.

¶ 13    Defendant also contends that the trial court's finding that his motion lacked an arguable basis in law or in fact was erroneous.  He asserts that at the time of filing both federal and Illinois case law supported his arguments.

¶ 14    Section 22-105 allows a trial court to assess fees after making a specific finding that a prisoner's filing is "frivolous." 735 ILCS 5/22-105(a) (West 2012). The statute defines a filing as frivolous where it meets any of several listed criteria. 735 ILCS 5/22-105(b) (West 2012). Of relevance in the present case, a filing is frivolous if "it lacks an arguable basis either in law or in fact"; or "it is being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." 735 ILCS 5/22-105(b)(1), (2) (West 2012).

¶ 15    In his motion, defendant claimed that an MSR term could not be added to his sentence if it was not ordered by the trial court, relying upon the Second Circuit's examination of *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936), in *Earley v. Murray*, 451 F.3d 71 (2d Cir.

2006). However, at the time defendant's motion was filed, the Illinois Supreme Court had already held *Early* and its interpretation of *Wampler* were of "absolutely no consequence in Illinois unless and until a court of this state endorses its analysis." *People v. Evans*, 2013 IL 113471, ¶ 15. Thus, neither case could provide an arguable basis in law for defendant's motion. Still, other precedent existed at the time under which defendant could argue that his MSR term was void.

¶ 16    On appeal, defendant relies upon *People v. Munoz*, 2011 IL App (3d) 100193 and *People v. Kerns*, 2012 IL App (3d) 100375. In *Munoz*, the defendant's IDOC records listed an indeterminate MSR term of three years to life, a period that complied with the relevant statute but differed from the trial court's written sentencing order erroneously setting a two-year MSR term. *Munoz*, 2011 IL App (3d) 100193, ¶¶ 10-12. This court held the IDOC lacked the power to set the term of MSR to be served and remanded to the trial court to impose an MSR term within the statutory range. *Id*. ¶¶ 10-14.  We explained that the power to impose an MSR term was part of the trial court's "exclusive authority to sentence a defendant." *Id.* ¶ 11. In *Kerns*, this court again asserted that the authority to impose a sentence and a MSR period rests solely with the trial court on facts virtually identical to those in *Munoz*. *Kerns*, 2012 IL App (3d) 100375, ¶¶ 2, 17.

¶ 17    Defendant acknowledges that shortly after he filed his motion, our supreme court rendered its opinion in *People v. McChriston*, 2014 IL 115310, wherein our supreme court addressed the precise issue involved here: whether a defendant's right to due process was violated by imposing a MSR term not mentioned by the sentencing court or included in the sentencing order. See *id.* ¶ 6. The *McChriston* court held that a defendant's MSR term was automatically imposed by statute as part of the defendant's sentence and was not imposed by the

IDOC. *Id*. ¶ 23. *McChriston* expressly overruled *Kerns* and also rejected the reasoning of *Munoz*. See *id.*

¶ 18 While the State attempts to distinguish both *Munoz* and *Kerns* from the presents facts, we find its argument unpersuasive. The factual differences in *Munoz* and *Kerns* do not change the legal precedent that the trial court alone has the power to assign a term of MSR and consequently the IDOC may not alter the trial court's pronouncement. This proposition provides support for defendant's claim, which was made prior to *McChriston*, that the IDOC violated his due process rights by adding a term of MSR to his prison sentence. While our supreme court subsequently held that this argument is meritless, at the time of filing, defendant's motion was supported by both *Munoz* and *Kerns*. As such, we cannot say that his claim lacked an arguable basis in law or in fact when it was filed.

¶ 19 Finally, defendant contends that the trial court's determination that his filing was "presented to hinder, cause unnecessary delay, and needless increase in the cost of litigation" was erroneous. The State does not respond to this argument. We find no evidence in the record to support the court's finding that defendant intended to hinder, cause delay, or increase cost through filing his motion. The record contains no evidence of any other filings by defendant following his direct appeal. The motion at issue here was the only filing defendant has made in relation to this case in the past 17 years. We also note that there was no other circumstantial evidence indicating that defendant intended to hinder the court or cause an increase in cost. Therefore, we find that the trial court's determination was in error.

¶ 20 For the foregoing reasons, we agree with the circuit court that defendant's motion fell under the purview of section 22-105. 735 ILCS 5/22-105(a) (West 2012). However, we find that

the trial court's determination that defendant's motion was frivolous because the filing lacked an arguable basis in law or in fact and that it was presented to delay and increase the cost of litigation to be erroneous. Thus, the trial court's assessment of fees was also erroneous. Accordingly, we order that the $80 filing fee and $15 mailing fee imposed by the circuit court be vacated.

¶ 21    Fees vacated.