2021 IL App (1st) 192569-U

FIFTH DIVISION
December 30, 2021

No. 1-19-2569

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Respondent-Appellee, | ) ) | |
| v. | ) | No. 02 CR 24615 |
| | ) | |
| RONALD PALM, | ) ) | Honorable Vincent Gaughan, |
| Petitioner-Appellant. | ) ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Connors concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The circuit court did not err in denying petitioner's motion for leave to file a successive postconviction petition.  Affirmed.

¶ 2    Petitioner Ronald Palm agreed to a sentence of 30 years' incarceration in exchange for his guilty plea to first degree murder, a crime he committed when he was 17 years old.  We dismissed petitioner's direct appeal (see *People v. Palm*, No. 1-05-1587 (2006) (unpublished order under Supreme Court Rule 23)), and petitioner did not appeal from the summary dismissal of his initial postconviction petition.  Petitioner then filed the present motion for leave to file a successive postconviction petition, arguing that his constitutional rights were violated when he was sentenced

to 30 years' incarceration without consideration of his youth or attendant circumstances. Petitioner now appeals the circuit court's denial of his motion, contending that he established both cause for failing to raise this issue in his initial postconviction petition and prejudice from the court's erroneous dismissal. We affirm.

¶ 3                                    BACKGROUND

¶ 4    The State charged petitioner and codefendants Sam Wells and Rashon Crosby by indictment with 32 counts of first degree murder, 7 counts of home invasion, and 3 counts of armed robbery, in connection with the August 27, 2002, shooting death of Richard Sotelo.

¶ 5    On October 28, 2004, petitioner entered into a negotiated plea agreement with the State. Pursuant to the agreement, petitioner pleaded guilty to one count of first degree murder in exchange for dismissal of the remaining counts and a 30-year sentence. The remaining counts were nol-prossed. The circuit court admonished petitioner regarding the consequences of his guilty plea and further admonished petitioner that, if found guilty of first degree murder, he could be sentenced to 20 to 60 years' imprisonment.

¶ 6    The factual basis of the plea established that petitioner, who was 17 years old at the time of the offense, was in the "narcotics business" with Sotelo. Petitioner, Wells, and Crosby devised a plan to rob Sotelo of drugs and money at gunpoint and then split the proceeds. At around 4:43 a.m. on August 27, 2002, petitioner and Wells went through a window, awakening Sotelo as well as Dora Flores and Sotelo's father. During the argument over the drugs and money, petitioner pointed the gun at Sotelo. Petitioner claimed in his statement that he believed Sotelo was going to take the gun from him, at which point petitioner shot Sotelo once in the head.

¶ 7    Petitioner agreed that the factual basis of the plea agreement was correct. The circuit court then found that (1) the facts supported the guilty plea and (2) petitioner was pleading guilty

voluntarily and knowingly. Petitioner then waived a presentence investigation report (PSI). When the court asked whether petitioner wanted to make a statement in allocution, petitioner responded, "Not really, but I am sorry for all of the trouble that I caused." The court then sentenced petitioner to 30 years' imprisonment pursuant to the agreement.

¶ 8     On November 9, 2004, petitioner filed a motion to vacate his guilty plea, but he withdrew that motion a month later. On January 13, 2005, petitioner filed a second motion to vacate his guilty plea, which was identical to his first motion to vacate. The circuit court denied petitioner's second motion, finding that it was untimely. Petitioner appealed that denial, but this court rejected his contention and dismissed the appeal. *Palm*, No. 1-05-1587 (2006) (unpublished order under Supreme Court Rule 23), order at 4.

¶ 9     On April 15, 2008, petitioner filed his initial postconviction petition alleging (1) a denial of due process based upon the circuit court's purported failure to order a fitness hearing and (2) ineffective assistance of trial counsel based upon counsel's purported failure to request a fitness hearing. On June 9, 2008, the court summarily dismissed petitioner's petition. Petitioner did not appeal the court's summary dismissal.

¶ 10     On August 15, 2019, petitioner filed a motion for leave to file a successive postconviction petition. Petitioner argued that, although he was 17 years old at the time of the shooting, the circuit court failed to consider his youth and the attendant characteristics of youth at sentencing, which petitioner asserted resulted in his 30-year sentence violating the eighth amendment pursuant to *People v. Buffer*, 2019 IL 122327. On October 23, 2019, the court denied petitioner's motion.

¶ 11     This appeal follows.

¶ 12                                    ANALYSIS

¶ 13     On appeal, petitioner contends that the circuit court erred in denying his motion for leave to file a successive postconviction petition in which he contends that the circuit court erred in failing to consider his youth as a factor before accepting the plea agreement between the State and petitioner, pursuant to *People v. Buffer*, 2019 IL 122327.  Petitioner argues that he established cause and prejudice and asks that we reverse the court's denial and remand this cause for further proceedings.

¶ 14     The Act allows a defendant to challenge a conviction or sentence for violations of federal or state constitutional rights.  *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006).  An action for postconviction relief is a collateral proceeding rather than an appeal from the underlying judgment.  *People v. Williams*, 186 Ill. 2d 55, 62 (1999).  Principles of *res judicata* and waiver will limit the range of issues available to a postconviction petitioner " 'to constitutional matters which have not been, and could not have been, previously adjudicated.' "  *People v. Scott*, 194 Ill. 2d 268, 273-74 (2000) (quoting *People v. Winsett*, 153 Ill. 2d 335, 346 (1992)).  Accordingly, rulings on issues that were previously raised at trial or on direct appeal are *res judicata,* and issues that could have been raised in the earlier proceedings, but were not, will ordinarily be deemed forfeited.  *Id.* at 274; 725 ILCS 5/122-3 (West 2016).

¶ 15     Moreover, the Act provides that only one petition may be filed by a petitioner without leave of court.  725 ILCS 5/122-1(f) (West 2016).  As a result, successive postconviction petitions are "highly disfavored."  *People v. Bailey*, 2017 IL 121450, ¶ 39.  The granting of leave to file a successive petition is governed by the cause-and-prejudice test, where cause is defined as some objective factor external to the defense that impeded efforts to raise the claim in an earlier

proceeding, and prejudice occurs where the alleged error "so infected" the trial that the resulting conviction or sentence violates due process. *Id.* ¶ 14 (quoting 725 ILCS 5/122-1(f) (West 2014)).

¶ 16    To meet the cause-and-prejudice test for a successive petition, a petitioner must " 'submit enough in the way of documentation to allow a circuit court to make that determination.' " *People v. Smith*, 2014 IL 115946, ¶ 35 (quoting *People v. Tidwell*, 236 Ill. 2d 150, 161 (2010)).  Both elements of the cause-and-prejudice test must be met for the petitioner to prevail.  *People v. Pitsonbarger*, 205 Ill. 2d 444, 464 (2002).  The cause-and-prejudice test is a "more exacting standard" than the " 'gist' standard" under which initial postconviction petitions are reviewed. *People v. Conick*, 232 Ill. 2d 132, 142 (2008).  We review *de novo* the circuit court's denial of leave to file a successive petition.  *People v. Jackson*, 2016 IL App (1st) 143025, ¶ 32.

¶ 17    The United States Supreme Court has held that the eighth amendment prohibits (1) capital sentences for juveniles who commit murder (*Roper v. Simmons*, 543 U.S. 551, 578-79 (2005)), (2) mandatory life sentences for juveniles who commit nonhomicide offenses (*Graham v. Florida*, 560 U.S. 48, 82 (2010)), and (3) mandatory life sentences for juveniles who commit murder (*Miller v. Alabama*, 567 U.S. 460, 489 (2012)).  In *Montgomery v. Louisiana*, 577 U.S. 190, 206 (2016), the Court held that *Miller* announced a substantive rule that is retroactive in cases on collateral review.  Shortly after the decision in *Montgomery*, our supreme court further held that sentencing a juvenile to a mandatory term of years that is the functional equivalent of life without the possibility of parole (*i.e.*, a *de facto* life sentence) violates the eighth amendment.  *People v. Reyes*, 2016 IL 119271, ¶ 9.  Finally, in *People v. Buffer*, 2019 IL 122327, the court held that a sentence that exceeds 40 years is a *de facto* life sentence (*Id.* ¶ 41-42) and that this holding applies retroactively and is cognizable in a petitioner's postconviction proceeding (*Id.* ¶ 46).

¶ 18    Petitioner contends that the circuit court erroneously denied his motion for leave to file a successive postconviction petition that alleged the court failed to consider his youth and attendant circumstances at sentencing.  Specifically, petitioner argues that he established cause for his failure to raise the claim in a prior proceeding because *Buffer* and the cases from which it derives (namely, *Miller v. Alabama*, 567 U.S. 460 (2012), *Montgomery v. Louisiana*, 577 U.S. 190 (2016), *People v. Holman*, 2017 IL 120655, and *People v. Reyes*, 2016 IL 119271) had not been decided when he filed his direct appeal or his initial postconviction petition.  Petitioner then argues that he established prejudice because, according to petitioner, he would not have pleaded guilty "if he had understood the implications of the eighth amendment on his guilty plea."

¶ 19    On December 16, 2021, after the filing of defendant's reply brief, our supreme court issued its decision in *People v. Jones*, 2021 IL 126432, a precedent that we hold is dispositive here.  In *Jones*, the 16-year-old petitioner was charged with, among other offenses, first degree murder in connection with the stabbing deaths of an elderly couple.  *Id.* ¶ 3.  The following year, when the petitioner was 17, he entered into a fully negotiated plea agreement with the State pursuant to which the petitioner would plead guilty one count each of first degree murder and residential burglary and two counts of armed robbery in exchange for the dismissal of the remaining charges and concurrent sentences of 50 years for murder, 30 years for each armed robbery count, and 15 years for residential burglary.  *Id.* ¶ 4.  The petitioner waived the preparation of a PSI and a hearing on mitigating and aggravating factors, and the court entered judgment and sentence consistent with the plea agreement.  *Id.* ¶ 5.

¶ 20    The *Jones* petitioner subsequently sought leave to file a successive postconviction petition, arguing that his 2000 guilty plea and judgment were entered years before the decision in *Miller* and  that the mandatory statutory sentencing scheme that was applied to him at that time was void

when applied to juveniles. *Id.* ¶ 7. The circuit court denied the motion, and the appellate court affirmed the denial. *Id.* ¶¶ 7-10. On further appeal to the supreme court, the petitioner noted that the sentencing scheme in place at the time of his guilty plea would have mandated a mandatory life sentence if he had gone to trial and been convicted of committing two murders. *Id.* ¶ 15. The petitioner, however, argued that the mandatory life sentence violated eight amendment protections pursuant to *Miller*, which requires a court to use its discretion to decide whether to impose a life sentence on a juvenile. *Id.*

¶ 21 The supreme court, however, rejected the petitioner's arguments. The court explained that "[t]he crux of [the] petitioner's claim is that none of [the parties] knew that the Supreme Court would later change the criteria for reviewing the constitutionality of the applicable law." *Id.* ¶ 19. The court, however, noted that a voluntary guilty plea waives "all non-jurisdictional errors or irregularities, *including constitutional ones*." (Internal quotation marks removed and emphasis in the original.) *Id.* ¶ 20 (quoting *People v. Sophanavong*, 2020 IL 124337, ¶ 33 (quoting *People v. Townsell*, 209 Ill. 2d 543, 545 (2004))). The court further noted that guilty pleas allow defendants to gain a present benefit in exchange for the risk of losing out on future favorable legal developments. *Id.* ¶ 21 (quoting *Dingle v. Stevenson*, 840 F.3d 171, 175 (4th Cir. 2016)).

¶ 22 Although the *Jones* petitioner argued that his life sentence was mandatory at that time, the court stated that it was nonetheless a potential, not certain, sentence because it was uncertain whether the petitioner would have been successfully convicted of the crimes charged against him. *Id.* ¶¶ 25-26. The court further pointed out that the circuit court was not required to accept the parties' fully negotiated plea agreement, which "necessarily constituted an exercise of its discretion" with respect to the petitioner's sentence. *Id.* ¶ 27. The *Jones* court thus held that the

petitioner's constitutional claims were not cognizable under *Miller* and the circuit court did not err in denying the petitioner's motion for leave to file a successive postconviction petition. *Id.* ¶ 28.

¶ 23     The *Jones* court examined and rejected precisely the same arguments presented to us, holding that the petitioner was not entitled to relief (*Id.* ¶¶ 25-28). Therefore, we are compelled to reject petitioner's claim here. We further note that certain factual distinctions in *Jones* disfavor petitioner's claim here: The *Jones* petitioner was still a juvenile at the time he entered into the plea agreement (petitioner here was 19), and the *Jones* petitioner faced a mandatory life sentence (here the circuit court admonished petitioner that he was subject to a potential sentence range starting at 20 years). Consequently, as in *Jones*, petitioner's claims are not cognizable under *Miller*, and the circuit court properly denied his motion for leave to file a successive postconviction petition.

¶ 24                              CONCLUSION

¶ 25     The circuit court did not err in denying petitioner's motion for leave to file a successive postconviction petition. Accordingly, we affirm the judgment of the circuit court.

¶ 26     Affirmed.